The Eagle Fire Company *vs*. Lent and others.

Where the mortgagor claimed title to the mortgaged premises under a conveyance from four grantors, two of whom were minors at the execution of the deed, but who had done no act after they became of age to disaffirm the deed ; *Held*, that a purchaser of the equity of redemption from the mortgagor, who had taken a conveyance from him subject in terms to the payment of the mortgage, could not, upon a bill to foreclose the mortgage, set up as a defence as to any part of the mortgaged premises a quit claim deed subsequently obtained from the minors after they became of age.

Upon a bill to foreclose a mortgage, the mortgagee has no right to make a person whose claim is prior to the mortgage, and who claims the legal title to the premises adversely both to the mortgagor and mortgagee, a party to the suit, for the purpose of testing the validity of his legal title to the mortgaged premises.

So upon a bill for the specific performance of a contract of sale, the vendee cannot make a person who claims title to the land adversely to the vendor, a party to the suit, for the purpose of settling the validity of his title in chancery.

The deed of an infant purporting to be founded upon a valuable consideration is not absolutely void, but merely voidable. And to render a subsequent conveyance by the infant, after he arrives of age, an act of dissent to the prior deed, it must be so inconsistent therewith that both deeds cannot properly stand together.

Where a purchaser from the grantee of an infant subsequently takes a quit claim deed from the infant, after he becomes of age, the latter deed only operates as a confirmation of the first, and does not overreach a mortgage given by the original grantee of the infant, subject to which the grantee in the last deed purchased the property.

THIS was an appeal from a decree of the vice chancellor August 1. of the first circuit. The bill was filed to foreclose a mortgage executed by Jacob I. Maybee to the complainants. Maybee claimed title to the mortgaged premises under an

1837.

Eagle Fire Co.
v.
Lent.

ordinary deed of bargain and sale from the four children of B. Evesson, who formerly owned the same as tenants in common. At the time of the execution of the deed two of the grantors were under twenty-one; but they had never done any act to avoid the deed after they became of age, and the grantee and his assigns had continued in the undisturbed possession of the property. In February, 1828, Maybee conveyed the premises to G. Cozine, one of the defendants, in fee, subject to the complainants' mortgage. And Cozine subsequently obtained from H. Evesson, one of the grantors of Maybee, who was then of age, a conveyance of all his interest and claim to the premises. The defendant Cozine insisted, in his answer, that by reason of the infancy of two of the grantors at the time of the conveyance to Maybee, only one half of the premises passed by that conveyance or by the mortgage to the complainants. The vice chancellor decreed a sale of the whole premises for the satisfaction of the complainants' mortgage; but directed that the master should sell subject to the right of the other grantor, who was an infant at the time of the conveyance to Maybee, to disaffirm the conveyance, if any such right existed. From this decree the defendant Cozine appealed. (*See* 1 *Edward's Ch. Rep.* 301.)

*S. P. Staples & W. S. Johnson,* for the appellant. The complainants' mortgage covers only one undivided moiety of the mortgaged premises, as to which a foreclosure is prayed by the bill. Henry Evesson and Benjamin Evesson, who were infants when the mortgage was made, should have been made parties to the suit. The claims of the creditors of the defendant Ferdon, as against the defendant Cozine, cannot be litigated in this stage of the suit. The defendant Cozine is not accountable to the complainants for any portion of the rents and profits of the mortgaged premises received by him.

*George Wood,* for the respondent. A mortgage or deed in fee by infants is voidable, and is valid until it is in due form avoided. The sale of the equity of redemption being

subject to the mortgage, the mortgage in equity formed a part of the consideration, and of course the payment thereof by the purchaser is a part of the contract under which he so purchased. And the purchaser holding the premises is bound in equity to pay off the mortgage and to relieve the mortgagor from his liability on his bond. The purchaser of the equity of redemption having got from one of the infant grantors after he came of age a further conveyance of the equity of redemption of a part of the premises, such conveyance is a *confirmation* of his previous voidable title to such part, and not a new or distinct title. The confirmatory conveyance operates to establish not only the antecedent title but the consideration and the entire contract under which the antecedent voidable title was obtained, and of course the lien of the mortgage thereupon, and thereby to render the lien no longer voidable, but absolutely valid. None but the infant could avoid the mortgage or the assignment of the equity of redemption. The infant does not avoid it. On the contrary, he affirms the previous sale of the equity of redemption, and the terms upon which the sale was made.

THE CHANCELLOR. As the defendant Cozine went into possession of the premises as purchaser of the equity of redemption from the mortgagor, and subject to the complainants' mortgage, he cannot set up an adverse title in a stranger for the purpose of preventing a sale of the whole mortgaged premises for the satisfaction of the mortgage. It was therefore unnecessary and would have been improper for the complainants to make the infant grantor, in whom the outstanding title to one fourth of the premises is supposed by Cozine to be, a party to this suit. And if B. Evesson had been made a party he might have demurred to the bill, upon the ground that the complainants had no right to bring him into this court to try the validity of the legal title or claim to one fourth of the mortgaged premises. So far as mere legal rights are concerned, upon a bill of foreclosure, the only proper parties to the suit are the mortgagor and the mortgagee, and those who have acquired

rights or interests under them subsequent to the mortgage. And the mortgagee has no right to make one who claims adversely to the title of the mortgagor, and prior to the mortgage, a party defendant, for the purpose of trying the validity of his adverse claim of title in this court. The case is analogous in principle to making one who claims adversely to the vendor, a party to a bill filed by the vendee for the specific performance of the contract of sale. In which case it is held that such adverse claimant cannot be made a party for the purpose of having the validity of his claim settled by a decree of this court, which shall thereafter be binding upon him in relation to his claim of title. (*Lange* v. *Jones*, 5 *Leigh's Rep.* 192.)

It appears, however, from the answer in this case, and the deed produced upon the hearing, that H. Evesson, one of the infant grantors of Maybee, has conveyed all his right and interest in the premises to Cozine since the latter has become the owner of the equity of redemption therein. It becomes necessary, therefore, to inquire whether the conveyance of the infant grantors to Maybee was absolutely void, or merely voidable by them; for the purpose of ascertaining whether the subsequent deed from H. Evesson to the defendant Cozine passed an absolute title to him of one fourth of the premises discharged of the mortgage, or was a mere confirmation of the title which he had previously acquired under the deed from Maybee. And upon this point I perfectly concur in the opinion of the vice chancellor, that the deed of an infant purporting to be founded upon a valuable consideration is not absolutely void, but merely voidable. (*See* 2 *Kent's Comm.* 234 ; 10 *Peter's Rep.* 71.) As the deed to Maybee conveyed the legal title, subject to the right of the infant to disaffirm the contract, it is perfectly clear, from the subsequent deed to Cozine, that the latter deed was intended to operate as a mere confirmation of the former title, and not as a disaffirmance of the previous deed. To render a subsequent conveyance by an infant an act of dissent to his prior deed, it must be inconsistent therewith, so that both cannot properly stand together. Here, if the allegations of Cozine in his answer are true, and as between

him and the complainants they must be taken to be so, he was at the time of the second conveyance the legal owner of the premises, subject to the payment of the mortgage. A quit claim of all the right and title of the former grantor to him, therefore, previous to the doing of any act disaffirming the first deed was nothing more or less than a release of the right to disaffirm such former conveyance.

What will be the legal effect of the second conveyance as between Cozine and those claiming under Ferdon's title, if it shall hereafter appear that the equity of redemption was not in Cozine but in Ferdon, must be left for the future decision of the court in settling the right to the surplus proceeds of the sale; if there should be any surplus after paying the complainants' debt and costs. All that is intended to be decided here is, that upon the facts as they now appear upon the bill and on the answer of the appellant, the mortgage is a lien upon the whole premises.

The decree appealed from is therefore right, and must be affirmed with costs to the complainants.