The Assistant Vice-Chancellor.
An infant defendant ..s entitled to make at the hearing, any objection to the relief sought by the bill, which the case discloses, whether it was apparent on the bill itself, or came out in the testimony.
It is now, objected in his behalf, that the complainant hád no right to make him a party to the suit, because his title is adverse to that of the complainant and his mortgagors.
■ The infant defendant claims the whole of the mortgaged premises as the heir of his brother "of the half-blood, Joseph St. John. The complainant claims that Rhoda Weed, (who with her husband mortgaged to him,) was the sole heir of Joseph St. John capable of inheriting those premises, and that on his death she became seised in fee of the whole premises. If the infant’s, claim be well founded, neither the mortgagors nor the mortgagee, have any title or right to the premises. If the complainant is correct in his position, the infant never had any interest in the same. And this is the principal, and the only important issue, made by'the pleadings.
; In The Eagle Fire Company v. Lent, 6 Paige, 635, the chancellor decided, upon" an objection for the want of parties, that a mortgagee filing a bill to foreclose his mortgage, has no right to bring into court one who claims a part of the lands mortgaged,' adversely to the title of the mortgagor and the mortgagee; and that the latter cannot try the validity of the legal title or claim to such part of the premises, in a foreclosure suit.
This appears to be perfectly decisive of the case, in respect of the infant.
I may add, that the same principle was applied to a bill for specific performance, in the opinion of Lord Eldon in Mole v. Smith, Jacob’s R. 490; and it was enforced in a similar suit by the court of appeals in Virginia, in Lange v. Jones, 5 Leigh, 192.
The same point was held in a mortgage case before me, Feb *210 ruary 19, 1845. (Banks v. Walker, 3 N. Y. Legal Observer, 340, 342.)(a)
In Plumbe v. Plume, 4 Y. & Coll. 345, it was held, that a bill which was in the form of an equitable ejectment bill against one person, and a bill to redeem as against another, is multifarious.
This suit may be aptly termed an ejectment in equity, against Abijah St. John. He has no interest whatever in the mortgage or in the title mortgaged. He claims the land as his own, in defiance of all the parties to the mortgage and those claiming under them.
The question is one of title purely, a dry legal question, which this court cannot entertain, when it is not coupled with some equity against the party claiming the title.
The bill as to Abijah St. John must be dismissed with costs.

 Since reported in 2 Sand. Ch. R 344 ; and affirmed by the chancellor, 3 Barb. Ch. R 438.