WILKINS *vs.* KIRKBRIDE and others.

1. A foreclosure suit is not a proper proceeding in which to litigate the rights of a party claiming title to the mortgaged premises in hostility to the mortgagor.

2. Remainder-men who have not joined in a mortgage in fee, made by the life tenant, are neither necessary nor proper parties to a foreclosure suit on the mortgage.

3. A decree in a foreclosure suit, where the prayer of the bill is that the mortgagor and holders of encumbrances subsequent to the complainant's mortgage, may be foreclosed of all equity of redemption in the mortgaged premises, will not bind parties who have not joined in the mortgage, holding estates in remainder created prior to the mortgage.

4. Remainder-men, in such case, will not be barred by estoppel, although the mortgage sought to be foreclosed assumes to convey an estate in fee, and they knew it, and were aware of the foreclosure proceedings.

Bill to foreclose. On petition of Ella C. Stoy and others, to be admitted as parties defendant to the suit.

*Mr. C. E. Hendrickson* and *Mr. A. Browning*, for petitioners.

*Mr. John C. Ten Eyck* and *Mr. P. L. Voorhees*, for complainant.

THE CHANCELLOR.

The bill in this cause was filed for foreclosure and sale of premises in Burlington county, mortgaged to the complainant's assignor by Phineas Kirkbride. The mortgage is, by its terms, in fee. The premises are said in the bill to be the same which were conveyed to the mortgagor by Robert W. Kirkbride and his wife. Besides the complainant's mortgage there are other subsequent encumbrances (mortgages and judgments) on the property. The prayer for relief is in the usual form. The parties defendant to the bill are the mortgagor and the holders of encumbrances subsequent to that of the complainant. The petitioners are children of Robert W. Kirkbride. They apply to be made parties defendant, on the ground that they have an interest in the mortgaged premises. They allege that, as to part of the property, Robert W. Kirkbride, their father, never had more than a life estate therein, and that they have, and, prior to the making of the complainant's mortgage, had, and ever since have had, and still have, a vested remainder in fee therein; and that, as to the rest, they have had for the same time, and still have, a contingent remainder in fee therein. It appears that the premises were the property of their grandfather, the father of Robert W. Kirkbride, and that by the will of the former, part of the property was devised to their father for life, with remainder in fee to them, and the rest to Phineas Kirkbride, who is their brother, with a contingent remainder in fee to them; and and that their father and brother ignored the will, (which, though lodged in the surrogate's office soon after the death of the testator, was not proved until after the commencement of this suit,) and, the former claiming the mortgaged premises by descent, conveyed them to Phineas by his deed in fee. The petitioners seek to be made parties for the purpose of setting up and litigating their title to the remainders above-mentioned, as against the encumbrances mentioned in the bill. It is not necessary for their protection that they should be admitted. As the case stands, no right of theirs can be affected by the decree. Nor would they be proper parties. "So far

as mere legal rights are concerned," says Chancellor Walworth, in *Eagle Fire Ins. Co.* v. *Lent,* 6 *Paige* 635, " on a bill of foreclosure, the only proper parties are the mortgagor and mortgagee, and those who have acquired rights or interests under them subsequent to the mortgage; and the mortgagee has no right to make one who claims adversely to the title of the mortgagor, and prior to the mortgage, a party defendant for the purpose of trying the validity of his adverse claim of title in this court." See also *Holcomb* v. *Holcomb,* 2 *Barb. S. C. R.* 20; *Corning* v. *Smith,* 6 *N. Y.* 82; *Lee* v. *Parker,* 43 *Barb.* 611; *Lyman* v. *Little,* 15 *Verm.* 576; *Mole* v. *Smith, Jacob* 490; *Tasker* v. *Small,* 3 *M. & C.* 63. Prior encumbrancers are made parties in order that their claims may be paid out of the proceeds of the sale. A foreclosure suit is not a proper proceeding in which to litigate the rights of a party claiming title to the mortgaged premises in hostility to the mortgagor. *Lewis* v. *Smith,* 9 *N. Y.* 502, 514; *Bogey* v. *Shute,* 4 *Jones' Eq.* 174; *Jones* v. *St. John,* 4 *Sandf. C. R.* 208. The petitioners' counsel, however, contend that should the petitioners, now that they have notice of the pendency of this suit, and of the fact that the complainant's mortgage assumes to convey an estate in fee, fail to set up and litigate their title in this suit, they will be liable to be held to be estopped from setting it up hereafter, on the ground of acquiescence. There is no occasion for such apprehension. As before remarked, the decree will not bind them. The bill prays that the defendants, the mortgagor and holders of encumbrances subsequent to the complainant's mortgage, may be foreclosed of all equity of redemption in the mortgaged premises. Its object is the extinguishment of the equitable title of the defendants. The title of the petitioners cannot be affected by the decree or the sale under it, for they are neither parties nor privies to the suit, nor will their rights have been litigated or in any way called in question. In *Wade* v. *Miller,* 3 *Vroom* 296, it was held that a decree in a foreclosure suit to which a widow was a party on other grounds than that of her claim to dower in the mortgaged premises, would not cut off her dower which

was paramount to the lien of the mortgage, although she was a party to the suit; the bill making no allusion to her claim of dower. See also, to the same effect, *Lewis* v. *Smith, ubi supra.* In *Munday* v. *Vail,* 5 *Vroom* 418, which was an action of ejectment, the court compared a decree in equity, which was relied on by the defendant in his defence, and on which his defence depended, with the issue in the suit in which it was entered, and finding that part of it (the part on which the defendant's title depended) was outside of the issue, held it to be a nullity, so far as that part of it was concerned, although the plaintiff was a party defendant to the suit in equity.

The petition will be dismissed, with costs.