EMMA VAN DOREN

*v.*

CHARLES S. DICKERSON et al.

On a sale of lands, $500 were retained by the purchaser, out of the consideration, as an indemnity against an alleged right of dower in the premises, and a bond and mortgage thereon, given by him to the vendor to secure that amount and "lawful" interest, the principal payable only on the extinguishment of the claim.—*Held*,

(1) That the mortgage could be foreclosed for arrears of interest, although the principal had not become due through the extinguishment of the alleged claim of dower.

(2) That the dower claimant could not, on this foreclosure, although made a party defendant, be required to litigate her right to dower in the premises.

---

Bill to foreclose. On final hearing. On pleading and stipulation as to facts.

*Mr. O. Jeffery*, for complainant.

*Mr. F. D. Smith*, for defendants Dickerson and wife.

THE CHANCELLOR.

The mortgage which the bill in this suit was filed to foreclose, was made to secure the payment of a bond given in 1864 by John W. Lee to Peter T. B. Van Doren, in the penalty of $500, with the following condition :

" WHEREAS, the said Peter T. B. Van Doren, by a deed dated March 31st, 1864, duly executed by himself and wife, and delivered this day, hath conveyed unto said John W. Lee, two certain tracts of land situate in the village of Denville, in said county of Morris, which lands were formerly owned by Francis Lindsly, and are particularly described in said deed, to which, for a description thereof, reference is hereby made ; *and whereas,* it is alleged, though not admitted, but denied by the parties hereto, that the wife of said Francis Lindsly has, or claims to have, an inchoate right of dower in said lands ; *and whereas,* it was understood by said John W. Lee that he was to have a clear title to said lands, and it has been agreed by said parties to leave in the hands of said John W. Lee, five hundred dollars of the said purchase-money as an indemnity against any such claim of dower by the wife of said Francis Lindsly :

Now, therefore, the condition of this obligation is such that if the above-named John W. Lee, or his heirs, executors or administrators, shall, at any time hereafter, when said Van Doren shall deliver to him or them a release of all claim to said land and premises hereinbefore mentioned, duly executed and acknowledged by said Francis Lindsly and wife, or by the wife of said Lindsly, in case she shall survive her husband, pay to said Van Doren, or his executors, administrators or assigns, the said sum of five hundred dollars, and in the meantime shall pay to said Van Doren, or his executors, administrators or assigns, the lawful interest on said five hundred dollars annually, during the joint lives of said Francis Lindsly and wife ; or if, in case the said Julia P. Lindsly shall die in the lifetime of her said husband, the said John W. Lee shall pay the said five hundred dollars at her decease, the interest being paid as above mentioned ; or, in case the said release shall not be executed, and said Julia P. shall survive her said husband and shall claim her right of dower in said premises, if the said Peter T. B. Van Doren, or his heirs, executors or administrators shall, at all times, fully indemnify said John W. Lee, his heirs and assigns, and save them harmless against said claim, and against all costs and damages which he may be put to or sustain by reason thereof, and the said John W. Lee, or his executors or administrators, shall pay said sum of five hundred dollars, with the interest which may have accrued thereon ; or, in case said Julia shall survive her husband, and shall die without making any claim to said premises, if, at her decease, said Lee, or his executors or administrators shall pay said five hundred dollars with interest, then said bond or obligation to be void, or else to be and remain in force. It is, however, understood that in no event is said money to be payable until one year from the date hereof."

In 1869, Lee conveyed the mortgaged premises to the defendant Charles S. Dickerson. In 1880, Van Doren assigned the bond and mortgage to the complainant. When the bill was filed there was interest due and in arrear. The bill was filed not only against Dickerson and his wife, but also against Mr. and Mrs. Lindsly mentioned in the condition of the bond, the latter persons being made parties in respect to the claim of dower mentioned in the condition of the bond, and which it was designed thus to litigate in order to establish the fact in this suit that Mrs. Lindsly had no dower, contingent or otherwise, in the property. The Lindslies did not answer the bill, but Dickerson and his wife did. By the answer, the right of the complainant to a foreclosure of the mortgage is denied, on the ground that the principal of the bond is not due according to the terms of the condition; Mrs. Lindsly having never released her claim to dower in the premises. The answer, while it does not claim that there is no interest due and in arrear, insists that certain payments of interest, which have been made at the rate of seven per cent. per annum, were in excess of the amount due at the times when they were made, because the interest which the mortgage bore was only six per cent., seeing that that was the legal rate when the mortgage was given, and the mortgage calls for "lawful" interest. And they ask that an account be taken of the excess, and that it be credited on account of interest; but they offer to pay any interest which may be shown to be due and in arrear.

There can be no doubt of the right of the complainant to a foreclosure of the mortgage for arrears of interest. The interest was, by the terms of the condition of the bond, payable annually. The interest paid was up to April 1st, 1869, at the rate of six per cent. per annum. That was the legal rate at the date of the bond, and from thence up to March 15th, 1866, when it was changed to seven, and it so remained until July 4th, 1878, when it was changed to six. From April 1st, 1869, the interest paid appears to have been at the rate of seven per cent., probably by agreement, though there is no proof on that head. In the absence of any agreement to pay seven per cent., the interest would be now payable at six per cent. *Jersey City* v. *O'Callaghan, 12 Vr. 349.* But if there

Van Doren *v.* Dickerson.

was an agreement to pay seven per cent. while that was the legal rate, the answering defendants are, of course, entitled to no credit for the difference in rate.     *Conover* v. *Lewis, 6 C. E. Gr. 230.* The mortgage was given to secure the payment of the interest as well as the payment of the principal; and, though the principal is not due, the holder of the mortgage is entitled to foreclose for the interest in arrear.

Our statute (*Rev. 117* § *74*) provides that when a decree of the court of chancery shall be made for the sale of mortgaged premises (in cases where the whole sum secured by the mortgage is not due), either for non-payment of any portion or installment of the debt or demand intended to be secured by the mortgage, or the non-payment of interest due, or both, and it shall appear to the court that a part of the mortgaged premises cannot be sold to satisfy the amount due without material injury to the remaining part of the mortgaged premises, and that it is just and reasonable that the whole of the mortgaged premises should be sold together, it shall and may be lawful for the said court to decree a sale to be made of the whole of the mortgaged premises, and to apply the proceeds of the sale of said premises, or so much thereof as shall be necessary, as well to the payment of the interest, installments or portions then due, and also the costs then due and payable, as to the payment of the whole or residue of the debt or demand which hath not become due and payable, and the residue of the proceeds of such sale to be paid to the person or persons entitled to receive the same, or to be brought into court to abide the further order of the court, as the equity and circumstances of the case require; *provided, always,* that when the residue of the debt or demand intended to be secured by the said mortgage is payable at a future day without interest, and the mortgagee is willing to receive the same, the court shall deduct a rebate of legal interest for what the mortgagee shall receive on the said debt or demand, to be computed from the time of the actual payment thereof to the time such residue of the debt or demand would have become due and payable.

In such a case as this the court will see to it that the rights of the parties are secured and protected, and will give direction

to the proceedings accordingly.   *Am. L. I. & T. Co.* v. *Ryerson,* *2 Hal. Ch. 9; Campbell* v. *Macomb, 4 Johns. Ch. 534; Brinck-* *erhoff* v. *Thallhimer, 2 Johns. Ch. 486; Lyman* v. *Sale, Id. 487.*

The question as to whether Mrs. Lindsly has contingent dower in the premises has not been settled by her default in this suit.   She was not a proper party to the bill, and could not be called upon to litigate the question in the suit to all the matters wherein she was a stranger.  *Wilkins* v. *Kirkbride, 12 C. E. Gr. 93,* and cases there cited; *Eagle Fire Co.* v. *Lent, 6 Paige 635; S. P.* *Gihon* v. *Belleville Lead Co., 3 Hal. Ch. 531.*   The principal of the mortgage is not due.   The answering defendants, as before stated, tender themselves ready to pay the interest.   If they pay it, with the costs of this suit, the proceedings will be stayed, otherwise there will be an order of reference, to inquire whether a competent part of the mortgaged premises can be sold without injury to the remainder, to pay the interest and costs.   In case the interest and costs are paid, or in case of sale to raise and pay them, the complainant will be at liberty hereafter, from time to time, as the annual interest shall accrue and be unpaid, or when the principal shall become due, to go before a master on the foot of the decree in this cause, and obtain a report as to the sum then due and payable, to the end that on such report being made to this court, an order may thereupon be made for a sale of the premises (or of the residue, if a sale shall have been made of part, to raise and pay the interest now due and costs), or a competent part or parts thereof to satisfy what shall be reported to be due, with the costs attending such report and sale.