ELLA E. CHADWICK, appellant,

*v.*

THE ISLAND BEACH COMPANY et al., respondents.

1. The grantee of a mortgagor, having taken his conveyance subject to all the " payments, conditions and agreements" of the mortgage, cannot, under a claim of paramount title, retain possession of the premises against the purchaser at the sale under foreclosure, he having taken possession under the mortgage and by virtue of such stipulation.

2. *Query.* Is not a defendant in a foreclosure suit, who claims to be possessed of a paramount title to the premises, bound to set up such title in such proceeding ?

---

On appeal from a decree advised by Vice-Chancellor Bird,

whose opinion is reported in *Chadwick* v. *Island Beach Co., 15 Stew. Eq. 602.*

*Mr. D. J. Pancoast*, for appellant, cited :

*Bigelow on Estoppel (4th ed.) 486; Tefft* v. *Munson, 57 N. Y. 97; 2 Jones on Mortgages § 1491; Lee* v. *Newman, 55 Miss. 372; Coodennow* v. *Ewer, 16 Cal. 469; Beatty* v. *De Forest, 12 C. E. Gr. 482; Barton* v. *Beatty, 1 Stew. Eq. 412; Kissinger* v. *Whittaker, 82 Ill. 22.*

*Mr. P. L. Voorhees*, for respondent.

The bill for foreclosure in this case was filed by the appellant, the assignee of a mortgagee, against the defendant, the grantee of a mortgagor. There was no privity of contract between the appellant, the assignee of the mortgagee, and the defendant, the grantee of the mortgagor, and the defendant could not make any defence as to defect in the title or quantity of the land. *Clark* v. *Davis, 5 Stew. Eq. 530, 6 Stew. Eq. 579.*

A foreclosure suit is not a proceeding to litigate the rights of

Note.—Where the mortgage contains covenants of warranty, a title to land acquired by the mortgagor, who had no title, or a defective one, when he gave such mortgage, enures to the benefit of the mortgagee, by way of estoppel. *1 Jones on Mort. §§ 68, 679; 2 Smith's Lead. Cas. (8th ed.) 838, 848.*

In *Warburton* v. *Mattox, Morris 367,* A mortgaged land to B while the title thereto was in the United States. Afterwards C purchased the same land from the United States, and then conveyed it to A, who thereupon mortgaged it to D.—*Held,* that B's mortgage should be preferred to D's. See *Buckingham* v. *Hanna, 2 Ohio St. 551; Ayers* v. *Palmer, 57 Cal. 309; Sherman* v. *McCarthy, Id. 507; Camp* v. *Grider, 62 Cal. 20; Rigg* v. *Cook, 9 Ill. 336; Bybee* v. *Hageman, 66 Ill. 519; Philly* v. *Sanders, 11 Ohio St. 490; Rank* v. *Dauphin Coal Co.. 1 Pears. (Pa.) 453.*

In *Nash* v. *Spofford, 10 Metc. 192,* a husband and wife mortgaged her lands, and the mortgagee brought a writ of entry against them.—*Held,* that they could not defend by showing that the wife, *after action brought,* acquired a new title to the premises, and that they hold thereunder.

In *Lincoln* v. *Emerson, 108 Mass. 87,* the owner of land mortgaged it by two successive deeds, the *second* of which contained full covenants of warranty. The first mortgagee entered, authorized the mortgagor to occupy, and died intestate, leaving the mortgagor his sole heir and next of kin.—*Held,* that the mortgagor was not entitled to possession as against the second mortgagee, either under the authority of the first mortgagee, because such authority was

parties claiming title in hostility to the mortgagor, or to deter-- mine rights not in any way set up in the bill of complaint. *Wilkins* v. *Kirkbride, 12 C. E. Gr. 93; Glenn* v. *Whipple, 1 Beas. 50; Wade* v. *Miller, 3 Vr. 296; Lewis* v. *Smith, 9 N. Y. 502, 514; Munday* v. *Vail, 5 Vr. 418.*

Is this a case where a writ of assistance ought to be granted? Such writs are used to give to a party the full benefit of the decree of the court in his favor in proper cases. It is not granted of right, but rests in the sound discretion of the court. *Schenck* v. *Conover, 2 Beas. 220; Thomas* v. *DeBaum, 1 McCart. 37; Blauvelt* v. *Smith, 7 C. E. Gr. 31; Van Meter* v. *Borden, 10 C. E. Gr. 414; Beatty* v. *De Forest, 12 C. E. Gr. 482; Barton* v. *Beatty, 1 Stew. Eq. 412.*

The opinion of the court was delivered by

BEASLEY, C. J.

Unless it be the law that a person can ask a court of chancery to refrain from compelling him, in the ordinary course of a fore--

---

revoked by his death, or by descent from the first mortgagee, because he was. estopped by his covenants in the second mortgage. See *Harding* v. *Springer,. 14 Me. 407; Smith* v. *Baker, 1 Y. & C. C. C. 223.*

In *Smith* v. *De Russey, 2 Stew. Eq. 407,* a mortgage *without covenants* was. given when the mortgagor had not the whole title. He afterwards obtained the fee, and then gave a second mortgage.—*Held,* that only the estate which. he had when he gave the first mortgage was conveyed by a sale under its fore- closure, and that the lien of the second mortgagee was not affected by his. having been made a party defendant to the foreclosure of the first mortgage, Also *Clark* v. *Baker, 14 Cal. 612, 629, Field, C. J.; National Fire Ins. Co.* v. *McKay, 5 Abb. Pr. (N. S.) 445.*

In *Toms* v. *Boyes, 40 Mich. 352,* after foreclosure, the title held by the mort- gagor turned out to be invalid, and he, taking advantage of a curative statute,. obtained a patent from the state confirming his title, and the mortgagee was held entitled to resort to equity to reinstate his lien and to satisfy it out of the· premises.

In *Blanchard* v. *Jamison, 14 Neb. 244,* a statement, in an answer to a fore-- closure, that the title to the mortgaged premises was in the United States when the ·mortgage in suit was executed, is no defence, if the mortgagor has since acquired such title.

In *Chamberlain* v. *Meeder, 14 N. H. 381,* M. gave a mortgage to C. on lands to which he had no title, with the usual covenants of seisin and warranty,.

Chadwick v. Island Beach Co.

closure suit, to execute an agreement entered into by him, and which is both legal and equitable, the decree in this case cannot be sustained.

The facts are these: One Edward P. Canfield, claiming to be the owner of the lands in question, executed a mortgage on them to Henry W. Town, to secure the payment of a bond for $15,000, and subsequently conveyed them in fee to the respondent, the Island Beach Company. The bill alleges that this conveyance was accepted by the respondent, "subject," in the language of the averment, "to the payments, conditions and agreements specified and contained in the said mortgage, made by the said Edward P. Carpenter to Henry W. Town, as aforesaid." The mortgage was assigned to the appellant, and has been foreclosed by her in this case, she having become the purchaser at the sheriff's sale made in pursuance of the decree. The Island Beach Company, that had been made a party defendant, as the owner of the equity of redemption, refused to surrender possession of the premises, although it had permitted a decree *pro confesso* to be taken against it; thereupon an application was made

and (having, in the meanwhile, obtained a discharge in bankruptcy) subsequently acquired title, giving a simultaneous mortgage back to his grantor.— *Held*, that M. was estopped, in a suit to foreclose the first mortgage, to deny his title at the time it was made, and that his discharge could not be used to impair its legal effect, although the mortgage to his grantor would have priority over C.'s.

In *Keezer* v. *Clifford, 59 N. H. 208*, it was held that a mortgagor in possession could not defeat or avoid the mortgage by acquiring a tax title to the mortgaged premises; also, *Fells* v. *Barbour, 58 Mich. 49; Martin* v. *Swofford, 59 Miss. 328; 1 Jones on Mort. § 680.*

In *Baylor* v. *Commonwealth, 40 Pa. St. 37*, a married woman mortgaged to a creditor of her husband an estate in expectancy, without consideration to herself.—*Held*, that the mortgagee could not claim that such estate, after it had become vested, was covered by his mortgage; *Goodenough* v. *Fellows, 53 Vt. 102;* see *Smith* v. *Osborne, 6 H. L. C. 375.*

In *Hoyt* v. *Dimon, 5 Day 484*, a mortgagor's creditors were held estopped by his subsequently acquired title to the mortgaged premises; also *Pierce* v. *Odlin, 27 Me. 341; Starr* v. *Dugan, 22 Md. 58.*

In *Gochenorn* v. *Mowry, 33 Ill. 331*, a subsequent purchaser from a mortgagor, *with notice*, was also held estopped; see *Green* v. *Houston 22 Kan. 35; Phillips* v. *Pearson, 27 Md. 242; Johnson* v. *Thompson, 129 Mass. 398; Wanzer* v. *Blanchard, 3 Mich. 11.*

to Vice-Chancellor Bird for a writ of assistance. This appeal has been brought from the disallowance of such process.

In the course of the testimony taken on the motion for the writ in question, it was shown on the part of the Island Beach Company that, before the filing of the foreclosure bill, but subsequently to its taking the conveyance from Carpenter, it had acquired a title to the mortgaged premises from the board of proprietors, which it claimed to be paramount to the title of the complainant, derived through her mortgage at the sheriff's sale.

The vice-chancellor, regarding the title thus disclosed as unaffected by the decree of foreclosure, on that account refused the aid of the court to the complainant, being the purchaser under the decree.

The ground of this judicial determination is thus stated by the vice-chancellor : Referring to the title derived from the board of proprietors, the opinion says : " So far as appears, the defendant had a right to take such title, and, if it be true that it has the first survey and location, it may ultimately be established, however many difficulties may present themselves, that such title

---

In *Madaris* v. *Edwards, 32 Kan. 284,* a mortgagor, it was held, could not set up against his own mortgage a title to the premises acquired afterwards at a sheriff's sale of the premises; also *Bush* v. *Cooper, 26 Miss. 599, 18 How. (U. S.) 82 ; Wells* v. *Somers, 4 Bradw. (Ill.) 297 ;* see *White* v. *Evans, 47 Barb. 179.*

In *Hooper* v. *Henry, 31 Minn. 264,* a mortgagor was held incapable of acquiring a priority over a mortgage given by himself, by obtaining a prior mortgage on the premises; *Williams* v. *Thorn, 11 Paige 459 ; Hall* v. *Bell, 6 Metc. 431.*

In *Conner* v. *Howe, 35 Minn. 518,* a grantee of the mortgagor, who assumed payment of a mortgage on the premises, was held estopped to set up an adverse title under a prior mortgage; also *Heim* v. *Vogel, 69 Mo. 529.*

In *Calder* v. *Chapman, 52 Pa. St. 359,* C. purchased a tract of land, excepting therefrom a described lot. He then mortgaged the whole premises, and afterwards acquired title to the excepted portion. A judgment was subsequently obtained against him, under which the excepted lot was sold to A.; and then the whole tract was sold under foreclosure.—*Held,* that A. had title to the lot.

In *Boyd* v. *Mundorf, 3 Stew. Eq. 545,* a deed and purchase-money mortgage were executed and recorded simultaneously.—*Held,* that such mortgage to M. was prior to another one on the same premises, purporting to be for purchase-money also, executed afterwards but recorded before M.'s; see *Dusenbury* v. *Hulbert, 59 N. Y. 541.*

In *Bingham* v. *Kirkland, 7 Stew. Eq. 229,* it was held that, where one who has no title makes a mortgage which is recorded, and he afterward acquires

Chadwick v. Island Beach Co.

is superior to all others. I cannot now decide it; no issue has been made respecting it." And, subsequently, it is said the complainant had it in her power to raise this very issue by proper statements in her bill.

That the court could not, in the summary procedure then pending, have adjudged that the defendants' title was either good or bad seems very plain; but it seems equally plain that the court was not called upon to make such an adjudication. What was due to the situation was, that it should be considered and declared whether, granting the existence of a legal title in the defendant, such title could be set up to bar the complainant from taking possession of the premises which she had purchased with the sanction of the court. This question was inherent in and circumscribed by the equities of the case as they appeared upon the record, and, therefore, as it would seem, the solution of it was a prerequisite to the determination of the complainant's application for assistance. This aspect of the controversy appears to have escaped the attention of the court below, but it is in this light that this court will consider and dispose of the subject.

---

title, a subsequent purchaser is not chargeable, under the registry acts, with constructive notice of the mortgage; also *Farmers L. & T. Co.* v. *Maltby, 8 Paige 361;* *2 Pom. Eq Jur. § 658 note;* see *Heffron* v. *Flanigan, 37 Mich. 274; Tefft* v. *Munson, 63 Barb. 31, 57 N. Y. 97; Alderson* v. *Ames, 6 Md. 52; Edwards* v. *McKernan, 55 Mich. 520.*

In *Seabourne* v. *Powel, 2 Vern. 11,* A and his wife, being the assignees of a lease, mortgaged it to B. A became insolvent, and the title not being good, C, who had the real title, made a lease in trust to A's wife.—*Held,* that her trustees should make a new mortgage to B; see *Atkins* v. *Uton, 1 Ld. Raym. 36; Noel* v. *Bewley, 3 Sim. 103; La Coss* v. *Wadsworth, 56 Mich. 421; Thompson* v. *Justice, 88 N. C. 269.*

In *Ogle* v. *Vickers, 4 Ad. & El. 782,* V. mortgaged lands in fee to O.; afterwards, and while V. remained in possession, S., claiming by a title anterior to the mortgagee, brought ejectment against V. and recovered a verdict by consent, subject to arbitration, as to what lease S. should grant V., which lease he afterwards gave, in pursuance of the award.—*Held,* that V. could not set up such lease as an answer to an ejectment brought by O.

In *General Finance Co.* v. *Liberator Society, L. R. (10 Ch. Div.) 15, 26 Moak 472, note,* A, by deed, purported to grant a freehold estate to B by way of mortgage. The deed contained no recitals, but there were the usual mortgagor's covenants for title, including a covenant that the mortgagor " had power to grant the premises in manner aforesaid." The mortgage was accepted by

Chadwick *v.* Island Beach Co.

But, before approaching this theme, it seems to me proper to say a word, in passing, on the hypothesis on which this motion in the court below was decided, because I am not willing to let my silence be construed into acquiesence in the views there expressed.

The fundamental assumption of 'the vice-chancellor is that, in a foreclosure suit in the ordinary form, a paramount title residing in one of the defendants is not so far put in issue as to call for its disclosure in the proceedings, unless such title be expressly referred to and challenged by the bill. · Such a proposition is a wide one, and would very materially affect the course of practice in the court of chancery. No decision, or even *dictum* is recalled that seems to favor it, and, as it is deemed, it stands opposed to principles of equity, which are as plain as they are important. Indeed, it may be said that the rule, as formulated, would be productive, never of good, but always of vexation and injustice. In this case the complainant, at the time of filing her bill, was ignorant of the existence of this pretended title; she therefore could not put it in issue by any direct averment, or otherwise than she has done, and if this doctrine is to prevail, she has un-

B, on the faith of certain forged title deeds produced and handed to him by A. At the date of the mortgage, A had not the legal estate, nor any interest whatever in the property. Subsequently, however, A acquired the legal estate, and mortgaged it to C.—*Held*, that, inasmuch as the mortgage of B contained no precise averment that A was seized of the legal estate, no estoppel had been created in favor of B against C.

In *Right* v. *Bucknell, 2 B. & Ad. 278,* a mortgagor covenanted that he was lawfully *or equitably entitled and seized* (he was in possession as devisee of his father, the latter having had merely a contract to purchase). Subsequently, the legal estate was conveyed to him, and he afterwards conveyed to C. for a valuable consideration.—*Held*, that C.'s conveyance was prior to the mortgage; see *Irish* v. *Sharp, 89 Ill. 261; Heath* v. *Crealock, L. R. (10 Ch. App.) 22.*

In *Carter* v *Carter, 3 K. & J. 617, 2 De G. & Sm. 62,* one J. C., believing himself and three others entitled, under a will, to four eighths of certain property, joined them in a mortgage of "all their estate" therein. Afterwards it was discovered that the supposed last will had been revoked by a later one, by which all the estate was devised to J. C. for life.—*Held*, that the mortgage passed J. C.'s life interest in four eighths.

In some states the rights of a mortgagee In a title subsequently acquired by his mortgagor, are fixed by statute. *Vallejo Land Association* v. *Viera, 48 Cal. 572; Rice* v. *Kelso, 57 Iowa 114; Ammonett* v. *Amis, 16 La. Ann. 525;* see *Bixby* v. *Bent, 59 Cal, 522; Boisclair* v. *Jones, 36 Ga. 499.*—REP.

Chadwick v. Island Beach Co.

avoidably, and most unconscionably, been drawn into useless trouble and expense. Why should the record, in a foreclosure case, such as this is, be read in a sense to produce such inequitaable results? It does not appear to be the natural version, nor, as I think, is it the reasonable version. When a complainant alleges that he holds a mortgage in fee upon certain lands, and prays that a sale shall be made of such property, such a claim seems, *proprio vigore*, to include, inferentially, an assertion that a title paramount to such mortgage does not reside in any of the parties to the suit. By such an assertion the defendants are called upon to admit or deny the existence of such lien upon the property, and, plainly, if such lien exists, none of them can have a title superior to the right asserted in the bill. In the present instance the bill stated a mortgage, by force of which it claimed the right to have the land sold in fee under the decree of the court; the defendant, by force of the decree *pro confesso*, admitted this encumbrance, and that it was possessed of the efficacy ascribed to it; yet the doctrine criticised asserts that the defendant's title was not put in issue, although he was directly required to admit a fact which, if admitted, was subversive of the title held by him. I have said that no decision is known that seems in any measure to support such a view, and, although in the court of chancery, the case of *Wade* v. *Miller, 3 Vr. 296,* was cited in support of it, upon examination it will be found that the principle there laid down wears an entirely adverse aspect. " I know of no way," says the opinion in the case, " in which a defendant can properly put in issue facts which are not charged in the bill, *or which are not related to such facts by way of being an answer to them.*" It is not apparent how it can reasonably be said that an averment of a superior title to the mortgaged premises, in a defendant in a foreclosure suit, is not a fact which is related to the facts in the bill by way of being an answer to them; certainly, if such title exists, the complainant would not be entitled to a decree.

But, beyond this, it seems to me that, in view of a familiar and very essential principle of equity, a defendant, in the juncture stated, is bound to disclose his title. To remain silent, in such a

position, is to be guilty of constructive fraud. The doctrine is established beyond controversy, and has been applied in innumerable instances. Treating of the subject, Judge Story (*1 Eq. Jur.* § *385*) says: " Thus, if a man, having a title to an estate, which is offered for sale, and, knowing his title, stands by and encourages the sale, or does not forbid it, and thereby another person is induced to purchase the estate, under the supposition that the title is good, the former, so standing by, and being silent, will be bound by the sale, and neither he nor his privies will be at liberty to dispute the validity of the purchase." If this be the law, as it unquestionably. is, how can it be said that the defendant was not called upon to divulge his title, when he stood by and saw the suit proceed to decree and sale ?

In my opinion, a defendant in a foreclosure suit, if he has a title paramount to that of the mortgagee, and he intends to enforce it, must set it up in his answer.

But, as has been already remarked, these particulars of the case have not been referred to with the object of deciding them, there being no necessity for such a course, as the appellant's right to the relief prayed for is clear on another ground. That ground springs out of the agreement of the Island Beach Company to take its title from Carpenter, subject to the mortgage which the latter had before placed upon the property. It will be remembered that this stipulation was to hold the premises, " subject to the payments, conditions and agreements specified " in that encumbrance. The defendant got possession of this land from the mortgagor, and when he agreed to hold in subordination to the mortgage previously created, his stipulation was, in effect, to accord to the mortgagee all the rights inherent in his estate, one of which was that, upon the conditions being broken, he might enter and take possession of the property. In the respect which is, at present, alone important, the position of the grantee of the mortgagor is not dissimilar from that of a tenant, relatively, to his landlord. These respective relationships are often assimilated in the discussion of the question whether the grantee of the mortgagor can put in controversy, while in possession of the property, the title by force of which he entered. Many of the decisions on

the subject are collected in *Bigelow on Estoppel 401, 413, 586.* To suffer a grantee of a mortgagor to retain the possession of the mortgaged premises, in despite of the rights of the mortgagee, which he has covenanted to respect, would be to sanction a palpable fraud. Whether such title of the defendant be good or worthless, is not in question, for, be that as it may, it cannot bar the appellant's right to the possession. All that this court, on the present occasion, is required to decide, and, consequently, all that it does decide, is that the appellant has a right to the process asked for, on the ground that the defendant agreed to be subordinated to his rights.

The decree should be reversed.

With respect to the question upon which testimony was taken, and which occupies considerable space in the briefs of counsel, it is sufficient to say that its pertinency to the matter to be decided does not appear. That testimony seems to be directed to the inquiry whether certain lands, claimed to be embraced in the defendant's alleged title, are embraced in the mortgage. With that inquiry this court has no concern. Certain premises have been sold under the authority of the court of chancery, and the writ of assistance will put the appellant into possession of those premises. The decree of the court, with respect of the extent of the appellant's right on that subject, is not open, on this motion, to controversy.

For affirmance—Paterson—1.

For reversal—The Chancellor, Chief-Justice, Dixon, Reed, Scudder, Van Syckel, Clement, McGregor—8.