SAMUEL B. FELD, complainant-appellant,

*v.*

REUBEN B. KANTROWITZ, ROSE ZUCKER et al., defendants-
respondents.

[Argued October 30th, 1925. Decided March 26th, 1926.]

1. It is the general rule in chancery that when the equity of the complainant is fully and explicitly denied by the answer and affidavits, a preliminary injunction is not proper.

2. A preliminary injunction should never be granted unless the act threatened to be done will inflict an irreparable injury on the complainant.

3. When a complainant has filed his bill asserting equitable rights in real estate, and has lodged the statutory notice of the pendency of the suit in the proper office, he is sufficiently protected against alienation of the subject-matter, as the decree will bind alienees as well as parties to the suit, and in such case an injunction against alienation, in the absence of special circumstances, is properly denied.

On appeal from order advised by Vice-Chancellor Bentley, whose opinions are reported in *98 N. J. Eq. 167; 99 N. J. Eq. 706.*

*Mr. Peter J. McGinnis,* for the appellant.

*Mr. Jacob L. Newman* and *Mr. Lionel P. Kristeller,* for the respondent Rose Zucker.

The opinion of the court was delivered by

PARKER, J.

The precise question to be determined on this appeal is whether the learned vice-chancellor erred in refusing an injunction pending final hearing, and in vacating an *ad interim* restraint awarded when the bill was filed, upon the coming in of answers and answering affidavits. As will appear by a reading of his opinion, the general case made by the bill of complaint was that the complainant, Feld, was the owner

of a one-sixth undivided interest in a contract to purchase real estate, but that his interest was not manifested on the face of the contract or of record, and that ostensibly defendant Kantrowitz was the sole contractee and had undertaken to sell the whole contract to Mrs. Zucker, another defendant, who had bought it and paid for it. The bill charged that Mrs. Zucker then knew of complainant's interest, and if she did not actually know it, she was charged with such knowledge by reason of complainant's occupancy of a part of the building described in the contract. The prayer was for an injunction against proceeding further under the contract and especially against closing title until complainant's claim was adjudicated, and for a decree establishing his undivided interest in the transaction. A notice of *lis pendens,* fully stating the claims of the bill and prescribing the property affected, was duly lodged in the proper office pursuant to the statute (*Comp. Stat. p. 3175*), and thereby any subsequent purchasers were subjected to the ultimate adjudication of complainant's claim, and would buy into the matter at their peril. *Haughwout* v. *Pomeroy, 22 N. J. Eq. 531; Dunning* v. *Crane, 61 N. J. Eq. 634.*

The question of continuing or dissolving the preliminary restraint was heard in the usual manner on affidavits and counter affidavits. One of these is by defendant Kantrowitz, and specifically asserts that he was the sole party interested in the contract at the beginning and thereafter, and that he never made any assignment of it, or of any interest therein, to any person except Rose Zucker. In short, it specifically traverses the fundamental allegations of the bill, and this calls for the application of the well-settled general rule that when, by the answer and affidavits, the material facts in the bill upon which the complainant's equity depends are met by a full, explicit and circumstantial denial under oath, a preliminary injunction should not be granted. *Ye Olde Staten Island Dyers and Cleaners* v. *Barrett Nephews & Co., 98 N. J. Eq. 702; Brunnetto* v. *Montclair, 87 N. J. Eq. 338; Schlemm* v. *Whittle, 86 N. J. Eq. 415; Meyer* v. *Somerville Water Co., 79 N. J. Eq. 613; Citizens' Coach Co.* v. *Camden H. R. Co., 29 N. J. Eq. 299.* On this theory,

therefore, the preliminary injunction was properly denied and the stay properly vacated.

The order appealed is further supported by another rule, also laid down in the *Citizens' Coach Co. Case,* and in full vigor at this time, viz., that to justify a preliminary injunction it must appear that its denial threatens an irreparable injury to complainant. *Kearny* v. *Bayonne, 92 N. J. Eq. 627.* Nothing of the sort appears in this case. Complainant has filed his bill, made all interested persons parties, and the suit is planted firmly on the ground of the doctrine of *lis pendens* by the filing of the statutory notice. Consequently, the decision on final hearing in this cause will be "binding, not only on the litigant parties, but also upon those who acquire title from them during the pendency of the suit." *Haughwout* v. *Murphy, 22 N. J. Eq. 531; Mabee* v. *Mabee, 85 N. J. Eq. 353, 357; Murray* v. *Ballou, 1 Johns. Ch. 566, 576.* Several philosophical reasons for the doctrine are advanced (*38 C. J. 6, et seq.*), but whatever the reason, as Professor Pomeroy observes: "The result is the same; an alienee of the subject-matter from either party during the pendency of the suit takes it subject to the rights of the other party involved in the controversy, and is bound by the decree or judgment finally rendered." *1 Pom. Eq. Jur.* § 633. Consequently, as soon as complainant filed his bill and put his notice on record, he was amply protected against any transfer of the interest claimed by him to *bona fide* purchasers or others, and his decree, should he have one, would be as binding on them as on the original defendants.

For these reasons, and without going into the general merits of the litigation, we conclude that the order appealed should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.