DANIEL B. NAPHAS, complainant-respondent,

*v.*

WILLIAM NAPHAS et al., defendants-appellants.

[Submitted October 30th, 1926.   Decided January 31st, 1927.]

1 Courts of equity may protect and enforce legal rights in real estate, where the legal right, though formally disputed, is yet clear, on facts which are not denied and legal rules which are well settled.

2. Where a complainant's bill seeks an accounting of the rents and of the value of the use of real estate to the possession of which he avers he is entitled as tenant by the curtesy, and the answer, in effect, admits the actual seizin of complainant's wife during coverture, the death of the wife and the fact that she left her surviving her husband and their five children, but denies his right to the possession and use of the properties as tenant by the curtesy, such denial of his right is a mere formal denial of a fact which is clear under well-settled legal principles, and the bill is within the cognizance of a court of equity.

3. An offer to prove gifts of money to a woman by her children, and an offer to prove payments to her of the proceeds of a grocery

business which the children were "running" for her, were properly overruled as having no tendency to prove that real estate which she had purchased was held in trust for them.

4. In an equity suit by a father against his five children for an accounting for the rents of real estate to the possession of which the complainant was entitled as tenant by the curtesy, proof that one of such defendant children, in leasing such real estate and collecting such rents, acted for the others as well as for himself, will justify a decree for an accounting against all of the defendants, even without definite proof that all had received a distributive share, since if they have not they can acquit themselves by proof of that fact upon such accounting.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll.

*Mr. Oscar B. Redrow,* for the appellants.

*Mr. John D. McMullin,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is a bill filed for an accounting. The bill avers, among other things, that the complainant was the husband of Elizabeth C. Naphas, who died in January, 1918, leaving him and the several defendants, who are their children, surviving her; that she died seized in fee-simple of several pieces of real estate located at Glendora, in Camden county, acquired by deeds duly recorded; that these properties of which she died seized have ever since her death been in the possession of the defendants, or have been leased by them to others and the rents therefrom collected by them. The purpose of the bill is to obtain an accounting of the rents, and of the value of the use of such properties, the complainant's claim being that on the death of his wife he, as tenant by the curtesy, was entitled to the sole possession and use of the property so long as he lived.

Upon hearing, the vice-chancellor advised a decree directing the defendants to account for the value of the use of such premises and for the rents received, and also commanding

them to assign to the complainant any leases for the properties referred to which they may have, and further ordered that the matter be referred to a special master to state such account. The defendants have appealed from this decree.

The first contention is that the pleadings raised a question of title, which could only be determined in a court of law; in other words, that the only remedy which the complainant had was by an action of ejectment. We think this contention is unsound. Of course, under ordinary conditions, where the claim set up in the bill is to a purely legal interest in lands, resting upon a purely legal basis, the court of chancery has no jurisdiction to determine the matter in controversy. But that rule is not universal. As was pointed out in the case of *Hart* v. *Leonard, 42 N. J. Eq. 416, 419,* courts of equity may, under certain conditions, by decree and injunction, protect and enforce legal rights in real estate, and the cases where this can be done are classified in the opinion. One of these cases is "where the legal right, though formally disputed, is yet clear, on facts which are not denied and legal rules which are well settled." That, we think, is a description of the present situation. The denial of the right of the husband to have the possession and use of the lands as tenant by the curtesy is merely formal. The actual seizin of complainant's wife during coverture, the death of the wife, and the fact that she left her surviving her husband and their five children, are all admitted, in effect, and the denial of his right, therefore, is a mere formal denial of a fact which is clear under well-settled legal principles.

Next, it is said that the court below excluded testimony offered by the defendants to show that the wife of the complainant held the property in question as trustee for the defendants. To this we think it is a sufficient answer to say that it is not well founded in point of fact. There was no ruling excluding any pertinent evidence upon this point. The offer to prove gifts of money by the children (defendant) to their mother, and the offer to prove payments to her of the proceeds of a grocery business which they were "running" for her, had no tendency to prove that the real estate in question was held in trust for them.

Lastly, it is said that the decree should not have embraced any of the defendants except William Naphas, because there was no proof that they or any of them had received any rents or share therein since the time of their mother's death. But all these defendants were proper parties, and the proof was that William, in leasing the properties and in receiving the rents, acted for the other defendants as well as for himself, and we think that the direction that they should account is certainly not harmful to them. If, in fact, they have not received anything, they can acquit themselves by proof of that fact.

The decree will be affirmed, with costs.

*For affirmance*—The Chief-Justice, Trenchard, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 12.

*For reversal.*—None.