The facts are stipulated as follows: May 30th, 1911, James L. Tower died seized of the premises described in the bill of complaint, leaving him surviving his widow and two children, Emma J. Van Gieson and Henry Bailey Tower. By his will duly probated, the decedent gave said property to his two children absolutely, subject to his wife's use during widowhood. After his widow's death a dispute arose between his daughter and son over their interests in the property and in July. 1931. they brought suits in this court, each against the other. Mrs. Van Gieson's suit was for partition and *Page 110 
Tower's suit was for a decree that his sister had no interest in the property. In both suits lis pendens were filed immediately. Answers were filed in both suits and the suits were consolidated and referred to a vice-chancellor for hearing. January 26th, 1933, a consent final decree was entered in Tower's suit against Mrs. Van Gieson and on the same date an order was entered discontinuing Mrs. Van Gieson's partition suit against Tower. The final decree in the suit of Tower v. Van Gieson recites an amicable settlement between the parties and adjudges and decrees that as of the date of filing the bill of complaint in that suit, Mrs. Van Gieson had an estate in or encumbrance on the lands in question, which interest is represented by a bond and mortgage covering the lands, for $6,000 bearing even date with the decree, given by Tower to H. Theodore Sorg, her solicitor, which mortgage "is a prior lien to any liens or encumbrances accruing against said premises since the filing of said bill of complaint and the notice of lis pendens herein" and further adjudges and decrees that so far as relates to any claim of Mrs. Van Gieson, Tower's title is determined, fixed and settled and declared to be good, subject to the mortgage before mentioned. The mortgage provided for in the decree was executed as of the date of the decree and was recorded February 1st, 1933; it is the mortgage under foreclosure herein.
March 28th, 1927, Richard J. Brown recovered a judgment against Henry Bailey Tower in the East Orange district court and docketed it in the Essex common pleas November 3d 1932. Brown assigned the judgment February 6th, 1933, to the defendant Barrett Investment Company, who issued execution thereon, whereunder the lands described in complainant's mortgage were sold to said defendant July 25th, 1933.
The bill to foreclose herein was filed November 2d 1933. It alleges the facts hereinabove set out and charges that the interest of the defendant Barrett Company is subject to complainant's mortgage and prays, in the usual form of foreclosure bills, that the defendant be decreed to pay complainant's mortgage debt or in default thereof be foreclosed of all equity of redemption and that the mortgaged premises be sold to pay the amount due complainant. The defendant's *Page 111 
answer denies complainant's right to have the priorities between them adjudged in a foreclosure suit and asserts that its rights are paramount to complainant's mortgage.
In support of the defendant's claim that a foreclosure suit is not a proper proceeding in which to litigate the claim of one who asserts a title paramount to the mortgagee, the following cases are cited: Wilkins v. Kirkbride, 27 N.J. Eq. 93; Coe v. NewJersey Midland Railway Co., 31 N.J. Eq. 105, 116; Van Doren v.Dickerson, 33 N.J. Eq. 388; Wills v. Field, 62 N.J. Eq. 271,275, all decided in this court, but in Chadwick v. IslandBeach Co., 43 N.J. Eq. 616, the court of errors and appeals said that if a defendant in a foreclosure suit claims a title paramount to the mortgagee and intends to enforce it, he must set up his claim by answer. Examination of the above cited cases in this court discloses that the title with which the court was there concerned, was a title alleged to have come into existence prior to the execution of the mortgage sought to be foreclosed, while in the instant case the defendant's claim to title is under a sheriff's sale held after the execution and recording of complainant's mortgage pursuant to a judgment docketed prior to the date and recording of the mortgage. In Burgin v.Rutherford, 56 N.J. Eq. 666; affirmed, Id. 852, on the opinion of this court, it is said that if the defendant in a foreclosure suit asserts legal title adverse to the mortgagee, he may ask to be dismissed so that his title may be tested in a court of law, but where the pleadings and the law show he has no title but only a lien, there is no occasion to dismiss the defendant, as the whole matter is within the ordinary jurisdiction of this court. In Hart v. Leonard, 42 N.J. Eq. 416, the court of errors and appeals points out that this court is a proper tribunal in which to settle a question of legal title formally asserted, where the facts are clear and legal rules are well settled and the bill is properly filed under the undoubted jurisdiction of equity. WestJersey Traction Co. v. Camden Horse Railroad Co., 52 N.J. Eq. 452,486; Saling v. Saling, 95 N.J. Eq. 611, 614; Naphas v.Naphas, 100 N.J. Eq. 534; Scott v. Scott, 112 N.J. Eq. 195,199. Here the complainant seeks the equitable relief of foreclosure and the real question at *Page 112 
issue between him and the defendant is not the defendant's title under its sheriff's deed, but whether the judgment under which the defendant claims title has priority over complainant's mortgage. It has long been the practice in foreclosure to determine questions of priority of liens as between complainants and defendants, a familiar instance arising out of disputes between complainant mortgagee and defendant mechanics' lien claimants, and two leading cases in which the court of errors and appeals in foreclosure suits considered and settled priority as between complainant mortgagee and defendant holding a judgment, are Morris v. White, 36 N.J. Eq. 324, and Westervelt v.Voorhis, 42 N.J. Eq. 179; affirmed, 43 N.J. Eq. 642. In the latter case the defendant claimed title under execution sale on his judgment. In the instant case there are no disputed facts and believing the law applicable to the facts to be well settled, I am of the opinion that this court has jurisdiction to determine the question of priority as between the complainant and defendant.
The defendant claims priority because its judgment against Tower was docketed three months prior to the execution and recording of Tower's mortgage to complainant. When the judgment was docketed the record showed that under the will of James L. Tower the mortgaged premises were owned by Henry Bailey Tower and Emma J. Van Gieson as tenants in common and that lis pendens
had been filed more than a year prior to docketing the judgment, thereby giving notice that two suits were pending in this court in both of which Mrs. Van Gieson claimed title to or an interest in the premises in question. It is an ancient doctrine of this court that a decree of this court shall be binding not only on the parties to the suit but also upon those who claim through or under the parties pending the suit. The rule has been modified by the Lis Pendens act to the extent that notice shall be given of the pendency of a suit involving adverse claims in land and that constructive notice of such adverse claims shall be imputed to one acquiring a right or interest from a party to a pending suit, from the time the lis pendens is filed. Haughwout v. Murphy,22 N.J. Eq. 531, 544; Dunning v. Crane, 61 N.J. Eq. 634; Mabee
v. Mabee, 85 N.J. Eq. 353, 356; *Page 113 Straus v. Loudenslager, 96 N.J. Eq. 678; Feld v. Kantrowitz,99 N.J. Eq. 847. The doctrine of notice as affecting priority of encumbrances is based on the view that it is inequitable in one who has notice of an adverse claim in another, to attempt to acquire a title to the prejudice of the interest of which he has been made aware. Morris v. White, supra; Rutherford NationalBank v. H.R. Boyle Co., 114 N.J. Eq. 571, 573. The decision here turns on the question of notice and because the lispendens gave notice to defendant that two suits were pending in which Mrs. Van Gieson asserted an interest in the premises in question, he was bound to ascertain what that interest was or what this court might determine it to be (Hoy v. Bramhall,19 N.J. Eq. 563, 572; Raritan Water Power Co. v. Veghte, 21 N.J. Eq. 463,478; Majewski v. Greenberg, 101 N.J. Eq. 134;Bergenfield Printing Co. v. Intertype Co., 104 N.J. Eq. 212,216); therefore such interest as the defendant acquiredpendente lite by his judgment, was subject to the legal and equitable rights of Mrs. Van Gieson as established by such decree as the court might enter in either suit. Gray v. Case, 51 N.J. Eq. 426; Straus v. Loudenslager, supra. The decree of this court in the suit of Tower v. Van Gieson was that at the date of filing the bill of complaint therein (which was long prior to the docketing of defendant's judgment) Mrs. Van Gieson had an estate in or encumbrance on the premises in question and the decree fixed the value of her interest and directed that she should have a lien therefor on said lands, which lien should be evidenced by a mortgage to be given her solicitor. The decree then proceeded to state (what was really its legal effect) that such mortgage should be a prior lien to any lien or encumbrance accruing against said premises since the filing of the notice oflis pendens therein. The fact that the decree was entered by consent of the parties does not lessen its legal effect; it stands as the court's determination until set aside or modified and it is binding on the parties to the suit and their privies. The defendant's assignor could have obtained leave to intervene in the suit for the purpose of protecting his interest as a judgment debtor in the subject-matter of the litigation, but *Page 114 
he did nothing. The result is that although the title to the premises in question was adjudged by said decree to be in Tower and defendant's judgment is a lien thereon, such lien must be held to be subject to the lien of complainant's mortgage.