## LEE *vs.* PARKER.

Where a person, made a party to a foreclosure suit as having or claiming to have some interest in, or lien upon, the mortgaged premises accruing subsequently to the lien of the mortgage, appears and answers, setting up as a defense that the mortgagor was not the owner, or seised of the premises at the date of the mortgage, but that he, the defendant, was owner and in possession of the premises, and had so . continued ever since; which claim is not tried before the referee, but by stipulation a judgment is entered, containing a provision that such judgment shall be without prejudice to any adverse title in such defendant, superior to the mortgage; the judgment of foreclosure, and the sale thereunder, will not be conclusive upon such defendant, as to the title of the mortgagor.

But, in an action of ejectment brought by the purchaser at the sale under the decree of foreclosure, to recover the possession, such adverse claimant may set up as a defense any right he had to the mortgaged premises, existing prior to the execution of the mortgage.

MOTION for a new trial, on exceptions. The action is ejectment, for a farm of about eighty acres in Hamburgh, Erie county.

In July, 1842, Henry Parker recovered a judgment in the recorder's court of the city of Buffalo, against the defendant and others, upon which an execution was issued to collect $83.86 and interest. The premises in question were sold by the sheriff, by virtue of the judgment and execution, to one Abraham Lang, and a certificate of the sale was given, dated November 5, 1842. On the 17th of January, 1844, the defendant confessed a judgment in a justice's court to John F. Brown, for $30. A transcript was filed and this judgment was docketed January 20, and Brown redeemed from the sale to Lang. The sheriff executed a deed to Brown, dated February 6, 1844. Brown executed a mortgage upon the premises, dated August 21, 1851, to Amelia Kranse, to secure the payment of $1500 in one year. This mortgage, through sundry assignments, came to the present plaintiff March 18, 1856. The plaintiff brought an action in this court to foreclose the mortgage, and made the mortgagor, Brown, and the present defendant, Parker, and another person, parties. The complaint was in the usual form, and as to the defendant Parker it averred that he "has, or claims to have, some interest or lien upon the mortgaged premises, or some part thereof, which interest or lien, if any, has accrued subsequently to the lien of the said mortgage." Parker answered, and denied each and every allegation of the complaint. For a further defense, he alleged that Brown had no title to the premises when he executed the mortgage; that on the contrary he, Parker, owned the premises, and was then, and ever since had been, in possession. There was also a third defense—usury in the mortgage—set up.

The issues in the action were referred to a referee, and the trial came on in January, 1859, when the parties, by their attorneys, stipulated that, upon the reading and filing the report of the referee, "a judgment of foreclosure and sale,

with costs, in the usual form, may be taken in this action, with a provision to be inserted in such judgment that it is without prejudice to any adverse title in the said defendant, Francis B. Parker, to the mortgaged premises superior to the mortgage set forth in the complaint." The judgment was perfected, the roll containing the clause: "This judgment is without prejudice to any adverse title in the defendant Francis B. Parker to the mortgaged premises, superior to the mortgage set forth in the complaint." By virtue of this judgment the premises were sold to the plaintiff, by the sheriff, who executed the usual deed.

The defendant offered, on the trial of this cause, to prove numerous facts : as that the sheriff made no sale of the premises in November, 1842 ; that he paid the judgment confessed by him to Brown, prior to the redemption ; that the pretended redemption was a fraud upon the sheriff, and also upon him ; that he paid the judgment upon which the sale was had ; that he had no knowledge of any pretended sale or redemption until after the execution and delivery of the mortgage by Brown to Kranse. To each of these offers the plaintiff objected, on the ground that the judgment in the action to foreclose the mortgage was conclusive upon the defendant as to the title of Brown. The court, as to each offer, held the objection well taken, and the defendant excepted. The court directed a verdict for the plaintiff, and the defendant excepted. The exceptions were ordered to be heard in the first instance at a general term.

*P. G. Parker,* for the plaintiff.

*H. Boies,* for the defendant.

*By the Court,* MARVIN, J. In *Eagle Fire Company* v. *Lent,* (6 *Paige,* 635,) Chancellor Walworth said: "So far as mere legal rights are concerned, upon a bill of foreclosure the only proper parties to the suit are the mortgagor and the

mortgagee, and those who have acquired rights or interests under them subsequent to the mortgage. And the mortgagee has no right to make one who claims adversely to the title of the mortgagor, and prior to the mortgage, a party defendant, for the purpose of trying the validity of his adverse claim of title in this court."

This principle was applied by the court of appeals in *Corning* v. *Smith,* (2 *Seld.* 82.) In these cases the question arose in the action to foreclose a mortgage. In the last of these cases it is held that the court should look into the question far enough to ascertain whether it comes within the rule, and if so, it should dismiss the complaint as to such defendant.

In *Lewis* v. *Smith,* (5 *Seld.* 502,) it was held that a claim of dower was not barred by a foreclosure of a mortgage executed by the husband during coverture, though the widow was made a party to the foreclosure suit, and the bill was taken as confessed against her. The complaint contained the averment that she claimed some interest in the premises as subsequent purchaser or incumbrancer, or otherwise.

After reading these cases I am satisfied the court erred in holding that the judgment and sale in the mortgage foreclosure was conclusive upon the defendant as to the title of Brown. Such judgment had no effect upon any claim of title by the defendant arising prior to the mortgage. And it appears from the case just cited that had the defendant suffered the complaint to be taken as confessed, the judgment would not have affected any legal claim he had, arising anterior to the lien of the mortgage. It is intimated in *Lewis* v. *Smith* that if the party appear and litigate the question of his claim and is defeated upon it, the judgment in the foreclosure action will conclude him, in a collateral action. I have no doubt this would be so.

In the present case the defendant Parker appeared in the foreclosure action and answered, setting up, as one of his defenses, that Brown the mortgagor was not the owner, or

Lee *v.* Parker.

seised of the premises, at the time he executed the mortgage, but that he, Parker, was owner and in possession of the premises, and so continued ever since.

This claim of the defendant was not tried before the referee. The parties stipulated that a judgment might be taken, containing a provision that it was without prejudice to any adverse title in the defendant Parker, to the mortgaged premises, superior to the mortgage. It was intended by this stipulation to save to Parker any right he had to the premises, existing prior to the mortgage lien. He was in possession when Brown gave the mortgage, claiming title to the premises, and it was intended by this stipulation that the judgment should have no effect upon any rights he had at the time the mortgage was given ; and this intention was effected by the clause in the judgment, that it was without prejudice to any adverse title in Parker, &c. &c.

It may also be well to refer to the statute making grants of land held under a title adverse to that of the grantor void, but allowing a mortgage to be executed which "shall bind the land from the time the possession thereof shall be recovered, by the mortgagor, or his representatives." (1 *R. S.* 739.) The remedy here indicated is an action to recover the possession of the premises held adversely at the time the mortgage was executed.

Issues joined in actions for the recovery of the possession of real estate must be tried by a jury. (*Code,* § 253.)

In this case the defendant Parker should be allowed to make any defense which existed prior to the execution of the mortgage.

There must be a new trial ; costs to abide the event.

[ERIE GENERAL TERM, May 2, 1865. *Grover, Daniels* and *Marvin,* Justices.]