(8 App. Div. 518)

### OLDER v. RUSSELL et al.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

**1. PLEADING—FRIVOLOUS ANSWER.**

The complaint in an action to foreclose a mortgage alleged that one of the defendants had or claimed an interest in or lien on the mortgaged premises, which interest, if any, had accrued subsequently to the mortgage. The answer denied such allegation, and alleged that defendant had a lien on the mortgaged premises which was prior to plaintiff's mortgage, and stated the nature of the lien. *Held,* that it was error to give judgment on such answer as frivolous.

**2. PROPER PARTIES—ACTION TO FORECLOSE MORTGAGE.**

A person who claims a lien on mortgaged premises is a proper party in an action to foreclose the mortgage.

Appeal from special term, Wyoming county.

Action by Marietta A. Older against John Russell and others. From an order directing judgment in favor of plaintiff on the answer of defendant John Russell as frivolous, and also appointing a referee to compute the amount due on the bond and mortgage in suit, defendant John Russell appeals. Reversed.

This action was brought to foreclose a mortgage executed the 30th day of December, 1885, by the defendant John B. Russell to the plaintiff; and the defendant John Russell was made a party upon the allegation in the complaint that he had, or claimed to have, some interest in the mortgaged premises, which interest, if any, had accrued subsequently to that of the mortgage. The defendant John Russell interposed an answer to the plaintiff's complaint, which contains a specific denial of the allegation in the complaint which states that the interest which he claims in the mortgaged premises is subsequent to the lien of the plaintiff's mortgage. Defendant further alleges in his answer that he has and claims an interest in and lien upon the mortgaged premises, which is in the nature of an equitable lien of $500, which he avers was superior and prior to that of the plaintiff's mortgage, and which was improperly discharged or released by his father, the defendant John B. Russell; and he further alleges in his answer that such discharge and release were fraudulent, and that the plaintiff knew the same to be so at the time of the commission of such fraudulent acts, which was just previous to the execution of plaintiff's mortgage. The answer was stricken out as frivolous by order of the court, and from that order this appeal is brought.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Bartlett & Tozier, for appellant.
Brown & Coleman, for respondent.

GREEN, J. It appears from the allegations of the answer, which, for the purposes of this motion, must be taken as true, that the answering defendant had an equitable lien upon the premises described in the complaint, which is prior to the lien of the mortgage sought to be foreclosed. This the plaintiff knew when she brought the foreclosure action. She, however, alleges in the complaint that the lien or interest of defendant is subsequent and inferior to the lien of her mortgage. She has invited this defendant into court, and has alleged that any lien, claim, or interest which he has is subordinate to the mortgage sought to be foreclosed. The defendant promptly answered, denying that allegation, and setting out his

claim, and alleging that it is prior to complainant's mortgage; and praying, as he has a right to if it is prior, to have such relief as shall be just and proper under the circumstances. The plaintiff asks for judgment debarring and foreclosing this defendant from any and all claim and interest in the mortgage premises. Unless this defendant had some claim or interest, he should not have been made a party. If he had an interest, and was made a party, and desired to protect that interest, it was incumbent upon him to answer, and set out that interest in his own way. If, under the allegations of this complaint, he had remained silent, and suffered judgment by default, would not that judgment preclude him from asserting his interest and lien in a collateral action? "It is true that ordinarily, where, in an action for the foreclosure of a mortgage, a person whose title to the premises is superior and prior to that of the mortgagor is made a defendant, and it is alleged in the complaint that he has some claim to or interest in the mortgaged premises, which, if any, accrued subsequently to the execution of the mortgage, such person's rights will not be affected by the foreclosure judgment, nor will he be estopped thereby from afterwards asserting his title to the premises in question." Payn v. Grant, 23 Hun, 134; Lee v. Parker, 43 Barb. 611. But it is otherwise if the defendant in a foreclosure action so made a party sets up by answer his prior right or claim to the premises, and, stating the facts in regard to his interest therein, asks the court to determine as to his title thereto. Fletcher v. Barber, 82 Hun, 408, 31 N. Y. Supp. 239.

In Goebel v. Iffla, 111 N. Y. 170–177, 18 N. E. 651, it was said:

"And, moreover, if the facts upon which the plaintiff relies to defeat that prior title are stated, the defendant whose title is thus assailed may demur to the complaint upon the ground that the plaintiff has no right to bring him into court upon the foreclosure to try the validity of his title; yet, if the party so made a defendant should, instead of demurring, answer, and litigate the question, and then judgment should go against him, no case decides that the judgment would not conclude him in a collateral action."

In Jacobie v. Mickle, 144 N. Y. 240, 39 N. E. 66, it was held that:

"Where the complaint in the foreclosure action alleges the prior incumbrance, and prays for relief that the amount due thereon be ascertained, and that such amount be first paid out of the proceeds of the sale in foreclosure, and the judgment follows the prayer of the complaint, it has never been doubted in any case that the prior incumbrancer suffering default in such an action is concluded by the judgment therein. In such an action the court has jurisdiction of the subject of the action and the parties, and it cannot be doubted that it can render judgment against a defaulting defendant in precise accordance with the prayer for relief. If Mrs. Jacobie did not desire to have her rights, as prior mortgagee, adjudicated in the action brought by Guilford, she should have appeared, and demurred or answered in that action, and thus have raised the question that she was not a proper party thereto, and had it adjudicated therein. But having, by her default, consented that judgment comprehended within the prayer for relief might be rendered against her, she cannot attack that judgment collaterally, or successfully object that it does not conclude her as to everything therein contained or adjudicated."

The opinion in the case of Kay v. Whitaker, 44 N. Y. 573, furnishes a negative authority in favor of this appellant. It appears that in one portion of the complaint in that case there was an allegation that the appellant was in possession of the mortgaged

premises as tenant, and that he claimed some interest therein by virtue of a lease from one of the other defendants. In another portion of the complaint was the general allegation that he and other defendants have, or claim to have, some interest in or lien upon the mortgaged premises, which interest or lien, if any, has accrued subsequently to the lien of the mortgage. In his answer the appellant admitted that he was in possession, but denied that he was in as tenant, or by virtue of any lease from one of the defendants, and alleged that he was the true and lawful owner of the premises; but in other parts of his answer he alleged facts showing clearly that his interest in the premises, if any, was clearly subsequent to the lien of the mortgage, and that he was in possession under an agreement between him and the other defendant, or that he was tenant only of such defendant, and that, in consequence thereof, the allegations in the answer as to the manner of the answering defendant's occupancy and the nature of his title tendered no material issue. It appears from the opinion that, if the answer had not clearly shown that all the interest of the defendant was subsequent to the lien of the mortgage, the answer could not have been stricken out as frivolous. In the case at bar, this issue as to whether or not the interest or claim of defendant is subsequent and inferior to the mortgage was clearly presented by the answer herein; and whether defendant's equities are prior and superior to the rights of the plaintiff under her mortgage, or junior and subordinate thereto, must necessarily be determined in a judgment for the foreclosure of plaintiff's mortgage. Brown v. Volkening, 64 N. Y. 84; Lanier v. Smith, 37 Hun, 530. If the proceedings ripen into judgment of foreclosure and sale, and the premises are sold thereunder, what protection would a purchaser have if it can be said that this appealing defendant may have a lien or claim upon the property superior to the mortgage under which the purchaser makes title, and, although made a defendant in the action, cannot assert his claim, but may retain it, and must enforce it, if at all, by a subsequent independent action? The purchaser, knowing that the appealing defendant was a party to the action, knowing that it was alleged in the complaint that any lien or claim he might have was subsequent and inferior to the lien of the mortgage sought to be foreclosed, would have a right to rely upon the proceedings had to preclude this defendant from asserting, after such sale and purchase, that he still had a lien prior and superior to the lien of the mortgage foreclosed, which existed at the time of the foreclosure proceedings, and that he could, after such foreclosure and sale, enforce such lien against the premises. "The plaintiff was not bound to make a conceded prior incumbrancer a party, but he was bound to sell subject to the prior lien. To permit him to do otherwise would be a fraud upon the purchaser." Moller v. Muller, 12 Hun, 675. In the case at bar, a defendant claims a lien upon the premises prior to the mortgage in suit. There is no record of this lien, but the defendant claiming the lien asserts it in his answer, and thus notifies plaintiff of his lien. Under the doctrine of the Moller Case, the plaintiff must sell under her foreclosure subject to such prior

lien, and if she does not she will·commit a fraud upon the purchaser. If she does give notice that a prior lien is asserted against the premises, will not that preclude purchasers from bidding upon this property when they are notified that such claim is still outstanding and undetermined? The title to real property is affected by this claim of defendant. He is therefore a proper party to the action, in order that the conflicting interests of the parties may be adjudicated. This is the policy of the law incorporated in the statute. It is provided by section 452 of the Code of Civil Procedure that:

"The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties the court must direct them to be brought in. And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

The controversy in this action is between the plaintiff and this defendant, and can be determined without prejudice to the rights of others. The title to real property is affected, and it is necessary that a complete determination of this controversy be had in this action, where all who are interested have been made parties. The answer of the defendant must be tested by the complaint. It puts in issue a material allegation, and is sufficient for the purposes of this action. The subject-matter of the action—the mortgage—is attacked, and defendant alleges that it is a lien subsequent and subordinate to the lien of this defendant, and not superior thereto, as alleged in the complaint. The answer, therefore, should have been allowed to stand. A defense should not be stricken out and a judgment given upon an answer as frivolous unless it is palpably so. Kay v. Whitaker, 44 N. Y. 573. A material allegation of the complaint was denied by this defendant. A material issue was thus joined, and the rights of all concerned, and the rights of a purchaser under such foreclosure proceedings, demand that such issue should be disposed of by the trial court. We conclude, therefore, that this answer should be allowed to stand, and that the case be sent to the trial court, where the whole matter may be disposed of upon the evidence and the law.

Order reversed, with $10 costs and disbursements, and the motion for judgment upon the answer as frivolous denied, with $10 costs. All concur except WARD, J., not voting.