(161 App. Div. 811)

NEWTON v. KRUSE et al.

(Supreme Court, Appellate Division, Fourth Department. March 11, 1914.)

1. ESTOPPEL (§ 19*)—BY DEED—QUITCLAIM DEED.
   A conveyance from the committee of a lunatic to W. was void because made without order of court. W. by warranty deed conveyed to E., who gave back a purchase-money mortgage. E. conveyed to McK., who assumed the mortgage. McK. quitclaimed to defendant without any mention of the mortgage. *Held*, that defendant, by accepting the quitclaim, was not estopped from questioning the title of her grantor, and hence that of the mortgagee.
   [Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 25; Dec. Dig. § 19.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. VENDOR AND PURCHASER (§ 228*)—ESTOPPEL TO DENY TITLE.

W., a grantor, after discovering that his grantee was insane at the time of the conveyance, rescinded and returned the purchase money received, and received from the committee of the lunatic a reconveyance, which was void because not authorized by order of court. W., after receiving the reconveyance, conveyed to E., and plaintiff claims as mortgagee under a mortgage executed by the grantee of E. The lunatic, after recovering his sanity, quitclaimed to defendant for a nominal consideration, defendant having knowledge of all the foregoing facts. *Held*, that as the lunatic, having received back the entire consideration for the land, was under a binding equitable obligation to make good W.'s title by conveyance, so defendant, not being a purchaser for value and without notice, was also estopped to deny W.'s title, and hence that of plaintiff; the mortgagee claiming through W.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 495–501; Dec. Dig. § 228.*]

3. MORTGAGES (§ 419*) — FORECLOSURE BY ACTION — PERSONS AS TO WHOM MORTGAGE MAY BE FORECLOSED.

A conveyance from the committee of a lunatic to W. was void because not authorized by order of court. W. conveyed to E., who gave back a mortgage, and E. conveyed to defendant's grantor, who conveyed to defendant by quitclaim deed, not mentioning the mortgage. Defendant, after the lunatic's recovery of sanity, also received from him a quitclaim deed. *Held*, in an action to foreclose the mortgage, that defendant was not entitled to a dismissal of the complaint on the ground that her title, being antecedent to that of the mortgagee, should be tried in ejectment, since defendant was in possession of the land and holder of a deed which in form at least conveyed to her the equity of redemption.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1241–1246; Dec. Dig. § 419.*]

4. CHAMPERTY AND MAINTENANCE (§ 7*)—GRANTS OF LAND HELD ADVERSELY.

A deed from the committee of a lunatic to W. was void and W.'s grantee, E., contracted to sell to H., who entered into possession under such contract. The lunatic, after recovering sanity, quitclaimed to defendant, H. at the time being in possession under the contract. *Held*, that, though the conveyance from such lunatic to defendant was champertous as to H., it was not as to plaintiffs, who claimed as mortgagees under E.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 54–110; Dec. Dig. § 7.*]

5. MORTGAGES (§ 558*)—ASSUMPTION BY PURCHASER OF LAND.

McK. contracted to sell land to H., subject to a mortgage, McK. agreeing to protect H. from the mortgage, and McK. retaining the title as security for the purchase money. Later McK., while the contract was in effect and H. in possession, conveyed all his interest to defendant, who expressly assumed to pay the mortgage. *Held*, that defendant was personally liable for any deficiency which might arise upon the sale of the mortgaged premises.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1596; Dec. Dig. § 558.*]

6. VENDOR AND PURCHASER (§ 191*)—RIGHTS AND LIABILITIES OF PARTIES—POSSESSION.

Where defendant contracted to sell land to H. and put her in possession under such contract, he thereby, in legal effect, took possession of the land himself.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 393–395, 397; Dec. Dig. § 191.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Erie County.

Action to foreclose mortgage by George M. Newton, administrator of Elizabeth Newton, deceased, against John Henry Kruse, individually and as administrator of Helene Kruse, deceased, and another. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 143 App. Div. 673, 128 N. Y. Supp. 327.

This action is brought for the foreclosure of a mortgage upon real property, being about 27 acres in the town of Evans, Erie county. On September 17, 1884, Nelson Woodward, being the owner of this tract of land, conveyed it on that day to William H. Blakely for a consideration of $1,500, Blakely paying $500 in cash and giving his purchase-money mortgage for $1,000. About one year thereafter Blakely was adjudged a lunatic and to have been such for more than two years prior to the purchase of these lands, and one Vellum was appointed committee of his person and estate. It was claimed by Blakely's friends that the property was not worth more than one-half what he agreed to pay for it, and that he had been imposed upon in the transaction. Vellum at once undertook to rescind the transaction, and, Woodward being willing, Vellum, as committee, made a deed of the land back to Woodward without procuring the order of any court to authorize it. Woodward discharged the $1,000 mortgage and gave back to Vellum, as committee, his mortgage for $500, the amount which Blakely had paid him in cash, and this mortgage Woodward subsequently paid to Vellum. Woodward took possession of the premises as owner. On September 16, 1886, Woodward sold and conveyed the premises to Louisa J. Kinner. August 5, 1887, said Kinner conveyed the premises to the defendant Jesse Evers, who gave back to Kinner a purchase-money mortgage for $1,500, which before her death became the property of plaintiff's testator, Elizabeth Newton, by virtue of several mesne assignments, which is the mortgage this action is brought to foreclose. April 5, 1888, Evers conveyed the premises to the defendant Cecil W. McKenzie by warranty deed containing a covenant on the part of McKenzie to assume and agree to pay said Evers mortgage as part of the purchase price. On April 17, 1888, said McKenzie entered into a written contract with defendant Mary E. Hartman to sell the premises to her for the sum of $2,500, to be paid in monthly payments of $20.84 per month until $500 was so paid, when McKenzie was to give a deed of the premises to Mrs. Hartman and take back a purchase-money mortgage payable at the same rate, $20.84 per month, with the privilege to Mrs. Hartman to pay in larger amounts. The contract recited the existence of the $1,500 Evers mortgage, then a lien on the premises, and contained an agreement on the part of McKenzie that he would "take care of and provide for and see to it that it is not foreclosed, and keep the party of the second part protected in all things herein." The payments to be made by Mrs. Hartman were not sufficient in amount to meet the payments on the $1,500 mortgage as they matured. Mrs. Hartman at once entered into possession under her contract, and she, or tenants under her, continued in possession until at least November, 1891.

On July 21, 1888, defendant McKenzie made and delivered to defendant John Henry Kruse and Helene Kruse, his wife, a warranty deed of said premises, which, in express terms, conveyed the premises subject to the contract between said McKenzie and Mrs. Hartman. Said deed also contained a clause to the effect that it was made subject to the said $1,500 mortgage given by Evers to Kinner, which the party of the second part thereby assumed and agreed to pay. Said deed also recited said contract between McKenzie and Hartman and the time and place of its record in Erie county clerk's office, and also contained the following in reference thereto: "The condition of said contract the parties of the second part hereby agree to assume and carry out and hereby assuming each and every of the said conditions heretofore assumed by the party of the first part with the said Mary E. Hartman."

On May 9, 1889, the defendants Kruse executed and delivered to Charles A. Drefs and John A. Cook a warranty deed of said premises, in which no reference was made to any mortgage thereon or to the Hartman contract. Drefs and Cook conveyed to the Kruses some other property in exchange. Drefs

and Cook took their deed to their attorney, Frank C. Ferguson, for his advice·as to the validity of their title, and they received the advice that they had no title whatever because the deed from Vellum, as committee of Blakely, to Woodward conveyed no title. Thereupon Drefs and Cook proposed to quitclaim the property to Mr. Ferguson, and did on August 17, 1889, give a quitclaim deed to Mr.· Ferguson's wife, the defendant Julia E. Ferguson, without consideration. Mr. Ferguson had procured an abstract of title, which he examined, and he became acquainted with all the facts which appeared of record in reference to the title, including plaintiff's mortgage. Mrs. Ferguson never entered into possession of the land under this deed. Her husband, Frank C. Ferguson, ascertained that Blakely was living in California and entered· into correspondence with him there, as a result of which Mr. Ferguson, or his law firm, were employed to procure the discharge of Mr. Blakely's committee in this state on the ground that he had become sane, and to ·procure the return to him of his property by his committee. Thereupon Mr. Ferguson submitted to the court affidavits showing Blakely's sanity, and Blakely's petition, verified October 31, 1890, to have restored to him his property, and an order was made on April 28, 1891, directing the committee to be discharged and appointing a referee to take and state the committee's account. Thereafter said committee did account, and there was found in his hands something more than $500, being principally the amount which the committee had received from Woodward as a refund of the amount Mr. Blakely had paid to Woodward upon the purchase of said premises. This ·fund was paid by the committee to Ferguson as Blakely's attorney on or about June 3, 1891, and by Ferguson sent to Blakely in California. By correspondence between Mr. Ferguson and Mr. Blakely, Mr. Ferguson procured from Mr. Blakely a quitclaim deed of said premises to his wife, the defendant Julia E. Ferguson, which is .dated May 4, 1891, acknowledged in California May 15, 1891, and recorded in Erie county June 26, 1891. Mr. Ferguson testifies that he paid Blakely money for this deed, but he does not state the amount, and it does not appear that it was more than a nominal sum. Mrs. Hartman was still in possession under her contract at the time this deed was made. She abandoned the premises and her contract in November, 1891. Both the defendant McKenzie and the defendants Kruse made payments of interest upon plaintiff's mortgage. Mr. Blakely died before this action was begun.

This case is reported on a former appeal to this court in 143 App. Div. 673, 128 N. Y. Supp. 327.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Philip A. Laing and Alfred L. Becker, both of Buffalo, for appellants Kruse.

William J. Magavern, of Buffalo, for appellant Ferguson.

J. L. Hurlbert, of Dunkirk, for respondent.

FOOTE, J. The principal questions presented are whether the title of defendant Julia E. Ferguson by· deed from Blakely is subordinate to plaintiff's mortgage and whether the ·defendants Kruse have been rightly held liable for the deficiency, if any there be. While the learned trial court has held the deed from Vellum, as committee, to Woodward to .be wholly void in law, it has nevertheless held that the title of defendant Ferguson under her deed from Blakely .is subordinate .to plaintiff's mortgage. This upon the ground:

[1] First. That Woodward was estopped by his deed to Kinner to say that he had no interest in the land to convey, and that such estoppel binds all the subsequent grantees from Woodward to and including Mrs. Ferguson; who is .thus ·estopped to say. that Woodward had no title, or·that plaintiff's mortgage is not·a lien on the land for that rea-

son. As a proposition of law, we think this goes further than can be supported by the authorities. Doubtless Woodward and all the subsequent grantors who conveyed with covenants of warranty are so estopped, as are all who accepted conveyances containing covenants on their part, to assume and pay plaintiff's mortgage. But no such covenant was contained in the deed from Kruse and wife to Drefs and Cook, nor did Drefs and Cook take possession of the land under their deed. Under these circumstances, we think the weight of authority is to the effect that Drefs and Cook are not estopped from questioning Kruse's or Woodward's title. Sparrow v. Kingman, 1 N. Y. 242; Averill v. Wilson, 4 Barb. 180; Robertson v. Pickrell, 109 U. S. 608, 3 Sup. Ct. 407, 27 L. Ed. 1049. The deed from Drefs and Cook to Mrs. Ferguson was a quitclaim, with covenants only against the acts of the grantors. Mrs Ferguson did not take possession under this deed, and there was no reference in it to plaintiff's mortgage or the Hartman contract. We think the acceptance of this deed did not estop Mrs. Ferguson to question the title of her grantors or of Woodward, or the lien of plaintiff's mortgage.

[2] Second. That Blakely, having received back the entire consideration for the land, was under a binding equitable obligation when he became sane to make Woodward's title good by conveyance to him, and that Mrs. Ferguson is under the same obligation in respect to the title she received from Blakely, and that, Blakely being equitably estopped to dispute plaintiff's mortgage, Mrs. Ferguson is so estopped, having received her title from Blakely with knowledge of all the facts, and that she should be charged in equity, as trustee, to hold her title subject to the lien of plaintiff's mortgage. We agree with the conclusion so reached by the trial court. After Blakely was restored to sanity and the possession of his property, a court of equity would hold him to be a trustee of the title for the benefit of those claiming under Woodward, unless he proceeded to disaffirm the acts of his agent and committee, Vellum, and restore and make good to the grantee of Woodward the purchase price of the land. Blakely must be presumed to have had knowledge of the transactions of his agent, Vellum, in the absence of evidence to the contrary, and he could not equitably retain the land from Woodward and his grantees, or convey to others, to defeat the Woodward title, at least not until he had restored the $1,500 purchase price returned to him, through his committee, by Woodward.

The question is whether defendant Ferguson has any rights or equities in this property superior to those which Blakely would have had, had he retained the title as against plaintiff's mortgage. It is clear that she has not. She is not shown to be a purchaser for value, or to have expended any money in improvements on the property since she received the Blakely deed. She, through her husband who procured the title for her, had knowledge of all the principal facts affecting the equitable rights of the plaintiff. It is true that her husband testified upon this trial that he paid Blakely a money consideration for the deed, but he says he is not able to remember the amount so paid. This statement may be strictly true and still the amount paid may not have been more than the nominal consideration of $1 named in the deed.

As against the equities established by plaintiff, it· was incumbent upon defendant Ferguson to ·show herself a purchaser for something more than a nominal consideration, and that she was without knowledge or notice of the plaintiff's equities at the time she paid the consideration. This, we think, she has not done. Nor does the fact that Blakely's deed to Mrs. Ferguson bears date before, and· hence is presumed to have been delivered before, Blakely received the $500 purchase money which Woodward had paid to Vellum, as committee, alter the case, for before Blakely received back this $500, he was under an equitable duty to Woodward and his grantees, including the plaintiff, to make good the contract of his committee to transfer the title to Woodward. The committee appears to have acted in entire good faith and for the interest of his ward. The testimony in the lunacy proceedings shows that one of the grounds urged upon the court as showing Blakely's incompetency and the need of a committee was the fact that Blakely had purchased this land at a price considered to be double its value, and that he had been imposed upon in the transaction.

[3] Defendant Ferguson also contends that it was error for the Special Term to try the question of her rights under the Blakely deed in this action because she was in the attitude of claiming under that deed a title superior to the plaintiff's mortgage, and that she was entitled to a jury trial. This question was raised by defendant· Ferguson at the opening of the trial. Her counsel moved for a dismissal of the complaint as against her, on the ground—

"that she claims by an antecedent title * * * arising before the mortgage in suit, and that she objects to having * * * her title tried out in this action, but claims it should be tried out in an action of ejectment, and claims she should have a jury trial."

Clearly, Mrs. Ferguson was not entitled to a dismissal of the complaint, for she was in possession of the property and the holder of a deed from Drefs and Cook, which was recorded, and which, in form at least, conveyed to her the equity of redemption. This motion was renewed at the close of plaintiff's case and again at the close of all the evidence, but in each case it was a motion to dismiss the complaint as against Mrs. Ferguson. Plaintiff did not put in evidence the deed from Blakely to Mrs. Ferguson. That was done by Mrs. Ferguson herself, for the purpose of defeating plaintiff's mortgage altogether and procuring an adjudication that it was not a lien upon the land. She appears to have thus invited a decision of the question as to whether the title she acquired under the Blakely deed was or was not subordinate to plaintiff's mortgage. We think the trial court committed no error in denying the motions made on behalf of Mrs Ferguson to dismiss the complaint as to her, or in determining in this action, after she had introduced in evidence her deed from Blakely, that she was estopped from claiming that it conveyed anything more than the equity of redemption. Griswold v. Atlantic Dock Co., 21 Barb. 225; Older ·v. Russell, 8 App. Div. 518, 40 N. Y. Supp. 892; Washington Trust Co. v. Morse Iron Works, 106 App. Div. 195, 94 N. Y. Supp. 495. ·

[4] The trial court has also found that Mrs. Ferguson's· deed from Blakely·is void under the statute against champerty, because at the

time it was made the land was in the actual possession of a tenant of Mrs. Hartman, who then held a contract·for its purchase. See 1 R. S. 739, § 147. If this is correct, then the legal title remained in Blakely, and as he has since died, his heirs at law would be necessary parties to this action, as otherwise they are not bound by the adjudication in their absence, and good title under the decree cannot be given. But we think the deed was void as to Mrs. Hartman only and those claiming under her. As between the parties, and as to others not deriving their rights from Mrs. Hartman, it was good. Poor v. Horton, 15 Barb. 485; Livingston v. Prosous, 2 Hill, 526; Hamilton v. Wright, 37 N. Y. 502. It appears that Mrs. Hartman abandoned her contract many ·years ago. She is a party defendant to this action, and makes no claim under her contract.

[5] We find no error in the judgment of which defendant Ferguson may complain.

As to the defendants Kruse, it has been adjudged that they are personally liable for any deficiency which may arise upon the ·sale of the mortgaged premises because of the covenant contained in the deed they accepted from McKenzie, as follows:

"This conveyance is made subject to a certain mortgage, given· by Jesse Evers to Louisa J. Kinner to secure a certain mortgage, of $1500.00 made Aug. 5, 1887, and recorded * * * on the 6th day of Aug. 1887, in Erie county clerk's office, which the said party of the second part hereby assumes and agrees to pay and the covenants of warranty hereinafter contained, shall not be deemed to extend to the said mortgage."

This deed also recited that it was made subject to a certain contract between Cecil W. McKenzie and Mary E. Hartman, bearing date April 17, 1888, for a sale of the premises, which contract was recorded in Erie county clerk's office. It also contained the following:

"The condition of said contract the parties of the second part hereby agree to assume and carry out and hereby assuming each and every of the said conditions heretofore assumed by the party of the first part with the said Mary E. Hartman."

At the time this deed was made Mary E. Hartman was in possession of the land under the written contract referred to. The contract contained this clause in reference to the mortgage now held by plaintiff:

· "That there is a mortgage on the above described premises which the party of the first part (McKenzie) agrees to take care of and· provide for and see to it that it is not foreclosed, and keep the party of the second part protected in all things herein. That said mortgage is in the sum of fifteen hundred ($1500.00) dollars."

It is the. contention of the defendants Kruse that after the ·execution of this contract Mrs. Hartman became the equitable owner of the land, and that McKenzie retained the. title as security for the purchase price; that his relation to the property until such time as Mrs. Hartman might default in her payments was, in equity, that, or similar to that, of a mortgagee; that the Kruses, upon receiving the conveyance from McKenzie, became likewise equitable mortgagees, and that their agreement to assume and pay the mortgage was, in legal effect, that of a second mortgagee to pay the first mortgage, and hence an· agree-

ment which the holder of the first mortgage could not enforce or have the benefit of, as was decided in Garnsey v. Rogers, 47 N. Y. 233, 7 Am. Rep. 440, and Pardee v. Treat, 82 N. Y. 385. We are of opinion that the rule established by those cases is not applicable. Until Mrs. Hartman made default in the payments under her contract, she must be considered as the equitable owner of the lands, and McKenzie as holding the title as security for the purchase money. When McKenzie transferred the title to the Kruses, he may be treated in equity as having assigned his mortgage to them, but McKenzie was still the principal debtor in respect of the first mortgage, and personally liable for its payment by reason of having assumed such payment in the deed he received. In his contract with Mrs. Hartman he did not provide that she should pay the first mortgage. On the contrary, he himself agreed with her that she should pay to him the whole purchase price, and that he would pay the first mortgage. The legal relation, therefore, between McKenzie and the Kruses seems to be this: That McKenzie holds a second mortgage upon the land, and, being personally liable for the payment of the first mortgage, assigns the second mortgage to the Kruses, and in the assignment provides that the Kruses shall pay the first mortgage, thereby protecting McKenzie against his personal liability therefor. This the Kruses, by accepting the assignment, agreed to do, depending for their reimbursement upon the payments they expected to receive from Mrs. Hartman under her contract. If such is the nature and legal effect of the agreement, it seems to be a valid and enforceable agreement enuring to the benefit of the holder of the first mortgage within the rule of Lawrence v. Fox, 20 N. Y. 268, and also within the rule of equitable subrogation, as in Halsey et. al. as, etc., v. Reed et al., 9 Paige (N. Y.) 446, King v. Whitely, 10 Paige (N. Y.) 465, and Trotter v. Hughes, 12 N. Y. 74, 62 Am. Dec. 137.

In Pardee v. Treat, supra, and Cole v. Cole, 110 N. Y. 630, 17 N. E. 682, upon which the learned counsel for the defendants Kruse principally rely the conveyance containing the clause by which the grantee assumed and agreed to pay a prior mortgage was itself, in fact or in legal effect, a mortgage, and it was held that the grantor, notwithstanding this clause, remained the principal debtor in equity. Even after the grantee had paid the prior mortgage, he (the grantee) was still to hold the land to reimburse himself for the amount so paid, with a remedy to recover the same from the grantor as his debt. The equity of redemption remained in the grantor, and the effect of the transaction was that the grantor had procured from the grantee upon the security of the land an advance of money with which to pay his own debt. Such is not the case here. The conveyance from McKenzie to the Kruses was not itself a mortgage, nor in the nature of a mortgage. It was an absolute transfer of all McKenzie's interest in an equitable mortgage which he held against Mrs. Hartman, without reserving to himself any right of redemption, or any further interest in the land or purchase money. The case is the same in principle as if A., owning a mortgage for $1,000, sells and assigns it to B. upon receiving from B. $500, and B.'s agreement to pay $500 to C., to whom A. is indebted for that amount. The case would be different if Mrs. Hartman had

herself agreed with McKenzie to assume and pay plaintiff's mortgage, but she did not, and, between her and McKenzie, the latter remained principal debtor upon this mortgage. We think it was competent for McKenzie to contract with the Kruses that, upon receiving a transfer of all of McKenzie's interest, they should take McKenzie's place as principal debtors for this mortgage debt, leaving McKenzie thereafter in the position of a surety.

It is also contended in behalf of the Kruses that McKenzie was not personally liable for the payment of plaintiff's mortgage because the deed to him did not convey good title, and that the Kruses are not liable for the same reason because they did not get a good title from McKenzie, and that there was a failure of consideration under each deed. We think this position is untenable so long as the decision stands in this case, to the effect that they did receive an equitable title, which has been made good to them and their grantees by the judgment herein.

[6] It is further contended that McKenzie did not become liable upon the assumption clause in the deed which he received, because he did not actually take possession of the land, and that the Kruses did not become liable for the same reason. When McKenzie contracted to sell this land to Mrs. Hartman, and actually put her in possession as purchaser, he thereby, in legal effect, took possession of the land himself. As to the Kruses, if their purchase is to be treated as of a land contract which was an equitable mortgage (which we think it is), then the only possession they would expect to receive, or would need to receive to complete the transaction, would be the possession of the contract itself.

The conclusion is that the judgment should be affirmed, both as to the defendant Ferguson and the defendants Kruse, with costs. All concur.