### DU BOSQUE v. MUNROE et al. (No. 7607.)

(Supreme Court, Appellate Division, First Department. July 9, 1915.)

BILLS AND NOTES ⊚⟶476—PLEADING ⊚⟶343—JUDGMENT ON PLEADINGS—DEFENSES.

The complaint set forth the note sued on, in hæc verba, which contained a recital that it was given for value received. The suit was by the original payee. *Held* that, under the circumstances, whether the note was a negotiable instrument or not, consideration might be denied, and an answer, which not only traversed the complaint, thus traversing the allegation of consideration contained in the note, but also specifically averred want of consideration, presented a defense, and judgment on the pleadings could not be rendered for plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1519–1521, 1523, 1557; Dec. Dig. ⊚⟶476; Pleading, Cent. Dig. §§ 1048–1051; Dec. Dig. ⊚⟶343.]

Appeal from Special Term, New York County.

Action by Steele Du Bosque against George H. Munroe and another. From an order granting motion for judgment on the pleadings, and from the judgment thereupon entered, defendants appeal. Judgment and order reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Mortimer Boyle, of New York City, for appellants.
John R. Halsey, of New York City, for respondent.

SCOTT, J.   The plaintiff moved for judgment on the pleadings, consisting of a complaint and answer.   His motion was granted; the court thereby holding, in effect, that the answer stated no defense.

The action was upon an instrument described as a promissory note, signed by defendants and reading as follows:

"$10,000.                                                    Dec. 1st, 1913.

Six (6) months after date we promise to pay to Steele Du Bosque, or order, ten thousand dollars, for value received ——— per cent. per annum, having deposited with Steele Du Bosque, as collateral security, $10,000 par value preferred stock, and $7,000 par value common stock, of the North American Films Corporation.   This note is given with the understanding that it is at the option of Steele Du Bosque, at the expiration of five (5) months from this date, either to return us this note canceled and retain the securities attached, or notify us in writing that he wishes this note paid at maturity, and return us the securities attached, upon payment of note."

The complaint goes on to state that at the expiration of five months the plaintiff notified defendants that he desired payment of the note and would return the security on payment, but that defendants have refused to pay.   Although the instrument sued upon is a promissory note, it is claimed by appellant that it is not a negotiable one, since the promise to pay is not unconditional, but contingent upon the holder electing to require payment.   Sections 20 and 23, Negotiable Instruments Law.   But whether negotiable or not is unimportant, for it is still held by, as the complaint alleges, the original payee, and it is therefore open to the defendant makers to defend against it on the ground of lack of consideration.   The recitation in the body of the instrument is that it was "for value received."   The instrument being pleaded in hæc verba is equivalent to an allegation of consideration (Owens v. Blackburn, 161 App. Div. 827, 146 N. Y. Supp. 966), but may be controverted by the makers.   By the answer the defendants do undertake to controvert the allegation that the instrument was given "for value received" by distinctly denying that allegation.   They also allege, in their separate defense, that "there was never any valuable or other legal consideration for the making and delivery of the note."

It is difficult to see how the defendants could have denied consideration more categorically than they have done.   Consideration or the lack of it being an issuable fact, and distinctly put in issue by the answer, the plaintiff's motion for judgment on the pleadings should not have been granted.

The judgment and order appealed from are reversed, with costs, and motion denied.   Order filed.   All concur.