BERSON SYDEMAN CO., INC., Respondent, v. WAUMBECK MANU-
FACTURING COMPANY, Appellant.

First Department, March 20, 1925.

Pleadings — summary judgment for part of plaintiff's claim — action by
drawer of trade acceptance to recover from drawee — defense of partial
failure of consideration based on breach of warranty of quality of goods
purchased for which trade acceptance was accepted — goods were
accepted by defendant — counterclaim for breach of warranty — allega-
tion by defendant that goods were of value of " about $10,000 " and
that there had been failure of consideration of " about $10,500 " is not
admission of liability to extent of alleged value of goods — denial of
consideration sufficient to defeat motion for judgment on pleadings —
error to grant plaintiff partial judgment under Rules of Civil Practice,
rule 114, for amount alleged to have been admitted by answer — Rules
of Civil Practice, rule 114, is limited by rule 113.

In an action by a drawer of a trade acceptance to recover the face thereof from
the drawee, it appears that the trade acceptance was accepted to cover
the price of certain goods and that the defendant after denying the allegation
of value and due presentment at maturity at the place where the trade acceptance
was made payable, alleged both as a defense and by way of counterclaim that
there was a breach of warranty as to the quality of the goods which was
discovered within a reasonable time after delivery, and that the goods instead
of being of the value of $20,505.38, the amount of the trade acceptance, were
of the value of " about $10,000 " so that there was a failure of consideration of
" about $10,500." The denial of consideration for the trade acceptance was
sufficient to defeat the motion for judgment on the pleadings, and the statement
in the answer that the goods were actually of the value of " about $10,500 " is
not an admission that the plaintiff is entitled to recover that amount.

It was error for the court to grant plaintiff's motion made under rule 114 of the
Rules of Civil Practice for a judgment in its favor to the amount which plaintiff
alleges defendant admitted the goods were worth.

Rule 114 of the Rules of Civil Practice is limited by the provisions of rule 113
of the Rules of Civil Practice, and, therefore, a partial judgment can be rendered
only where the action is to recover a debt or liquidated demand arising on
contract or on a judgment for a stated sum.

APPEAL by the defendant, Waumbeck Manufacturing Company,
from an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 3d day of September, 1924, striking out the answer in
part and granting summary judgment for a part of plaintiff's claim.

*I. Gainsburg* [*Joseph P. Segal* of counsel], for the appellant.

*Robert H. Woody* [*Charles F. White* of counsel], for the respondent.

BURR, J.:

The action is upon a trade acceptance drawn by plaintiff upon
defendant and accepted by the latter. The action is thus between

the original parties to the paper in suit.   The complaint alleges that plaintiff. on February 29, 1924, "for value received," drew a trade acceptance upon defendant for the sum of $20,778.78, payable on May 5, 1924, to the order of plaintiff, and that thereafter the said draft was duly accepted by defendant in writing, payable at the Bank of Manhattan; that the trade acceptance, at maturity, was duly presented for payment at the place where by its terms it was payable, and demand for payment duly made and refused, and that no part has been paid; that it was duly protested for non-payment, and notice of the demand, non-payment and protest duly given to defendant, which has failed to pay the same.   Judgment for $20,779.89 and interest is demanded.

The answer, after denying the allegation of value for which the trade acceptance was given, and denying due presentment at maturity at the place where it was made payable, alleges, both as a defense and by way of counterclaim, that the trade acceptance described in the complaint was given for and on account of the purchase price of certain merchandise upon an agreement and warranty thereinafter set forth.   The answer then alleges that within a reasonable time after defendant knew or should have known of the condition of the goods, they were found not to be in accordance with the warranty, and that defendant duly notified plaintiff thereof.

It is then specifically alleged that the trade acceptance described in the complaint was given by the defendant to plaintiff without knowledge of the condition of the goods and relying upon the warranty and the agreement of sale and the full performance thereof by plaintiff; that the goods shipped by plaintiff were not and are not of the value of $20,505.38, the amount of the trade acceptance, "but were and are of the value of about $10,000;" by reason of all of which there has been a failure of consideration of the trade acceptance "in the amount of about $10,500," and defendant has not received any other or different consideration for such trade acceptance, by reason whereof defendant has been damaged in the sum of $10,500.   It is also alleged that defendant duly performed on its part prior to any breach on plaintiff's part, and except so far as performance was prevented by the acts and conduct of plaintiff.   The answer then sets up the defense that plaintiff is not the real party in interest.

Judgment is demanded dismissing the complaint, and for judgment on the counterclaim for defendant in the sum of $10,500, or that the claim of the defendant in said sum be deducted and set off from what claim, if any, plaintiff may establish upon the trial.

The plaintiff's reply admits the making of the agreement for the sale of the merchandise (90,000 yards of sateens at twenty-two and one-half cents per yard) upon the terms alleged, namely, payable by a ninety-day trade acceptance. It also admits that no defects were discoverable in the goods while in the grey, *i. e.*, before they were dyed. Otherwise, all the allegations set forth in the affirmative defense are denied.

Upon the pleadings and the affidavit of the vice-president of the plaintiff corporation, a motion was made for an order striking out the answer pursuant to rules 113 and 114 of the Rules of Civil Practice, and awarding judgment against defendant in the sum of $20,779.81, or, in the alternative, if the court deemed an issue to be raised by the answer, for the sum of $10,279.89, plaintiff claiming that defendant admitted that the sum set forth in the complaint as the face amount of the trade acceptance, less the amount of damage sustained by it by reason of the defective goods, was due and owing. The court below was of the opinion that relief should be granted under rule 114, as in its opinion an issue was raised by the counterclaim, and directed that an order be entered " striking out that part of defendant's answer which does not form the defendant's alleged counterclaim or set-off, and awarding judgment to the plaintiff in the sum of $10,279.89."

It would thus appear that the court struck out the denial of the allegation that the draft was accepted by defendant for value. The fact that the breach of warranty was pleaded as a defense to the entire cause of action, as well as a counterclaim or set-off, was apparently ignored.

The order entered upon this decision fails completely to follow the opinion of the court. It directs that plaintiff's motion be granted and that " that part of the defendant's answer as alleged in paragraphs marked ' Tenth,' ' Eleventh ' and ' Twelfth,' of the defendant's answer, which does not form the defendant's alleged claim, is herewith stricken out." Thus the order does not strike out the denial of value received found in paragraph " first " of the answer, nor the denial that the draft was duly presented at maturity at the place where it was payable, found in paragraph " second." Nor does it strike out any part of the affirmative defense of failure of consideration and breach of warranty or of the defense that plaintiff is not the real party in interest.

It, therefore, clearly appears from the pleadings that the draft was accepted by defendant as part of a contract of sale of merchandise under an express warranty. The warranty was breached, and circumstances are alleged whereby defendant's right to recover thereon is preserved notwithstanding acceptance of the goods.

Summary judgment has now been granted for part of the face value of the draft, apparently on the theory that defendant has claimed damages for the breach of warranty in a sum less than the face of the draft and conceded liability for the balance.

The defense, in brief, is that the goods were defective and not as warranted and for that reason the consideration for the draft has failed. Such a defense may be interposed even to an action upon strictly negotiable paper, when the action is brought by the original drawer or payee against the original drawee or maker. Section 54 of the Negotiable Instruments Law provides: " Absence or failure of consideration is matter of defense as against any person not a holder in due course; and partial failure of consideration is a defense *pro tanto* whether the failure is an ascertained and liquidated amount or otherwise."

As between the original parties, the consideration of an instrument is a proper subject of inquiry, and the maker may show that the consideration has failed. This is so whether the paper is negotiable or non-negotiable. (*Strong* v. *Sheffield,* 144 N. Y. 392; *Kelso & Co.* v. *Ellis,* 224 id. 528.) In the *Strong Case* (*supra*) it was said by the Court of Appeals: " The contract between a maker or indorser of a promissory note and the payee forms no exception to the general rule that a promise, not supported by a consideration, is *nudum pactum.* The law governing commercial paper which precludes an inquiry into the consideration as against *bona fide* holders for value before maturity, has no application where the suit is between the original parties to the instrument."

The same rule was stated by Judge Pound in the later case of *Kelso & Co.* v. *Ellis* (*supra*), wherein he said: " Where a promissory note is given for the purchase money on an executory contract for the sale of lands or chattels, the law is the same as obtains in a case where the only promise to pay is found in the contract of sale itself, provided the action is between the original parties. (*Ewing* v. *Wightman,* 167 N. Y. 107.) "

In the present case the answer specifically denied any consideration for the acceptance by defendant of the draft except as thereinafter stated. It then proceeds to set forth the original consideration of the draft and the manner in which it failed. These facts are set up both as an affirmative defense and by way of counterclaim.

A denial of consideration for the instrument sued upon is sufficient to defeat a motion for judgment on the pleadings. This was specifically held by Scott, J., in writing for this court in *DuBosque* v. *Munroe* (168 App. Div. 821), where he stated: " But whether negotiable or not is unimportant, for it is still held by, as the com-

plaint alleges, the original payee and it is, therefore, open to the defendant makers to defend against it on the ground of lack of consideration. The recitation in the body of the instrument is that it was ' for value received.' The instrument being pleaded *in hæc verba,* is equivalent to an allegation of consideration (*Owens v. Blackburn, No. 1,* 161 App. Div. 827), but may be controverted by the makers. By the answer the defendants do undertake to controvert the allegation that the instrument was given ' for value received' by distinctly denying that allegation. They also allege, in their separate defense, that ' there never was any valuable or other legal consideration for the making and delivery of the note.'

" It is difficult to see how the defendants could have denied consideration more categorically than they have done. Consideration or the lack of it being an issuable fact, and distinctly put in issue by the answer, the plaintiff's motion for judgment on the pleadings should not have been granted."

The order appealed from does not remove the denial of value. Giving it a most liberal construction, it leaves the counterclaim intact, but attempts to define the largest amount recoverable thereunder as the sum of $10,500. To arrive at this result the court below ignored the allegation that the goods were of the value of " about $10,000," and that the consideration failed to the extent of " about $10,500." It also ignored the statement in defendant's affidavit submitted in opposition to the motion that this amount is far below the actual damages that will be proven upon the trial. This affidavit must be taken into consideration upon a motion of this character. If its statements are not to be accepted as true, the court cannot summarily decide any issue of fact raised thereby on conflicting affidavits. (*Peninsular T. Co.* v. *Greater B. Ins. Corp.,* 200 App. Div. 695, 700.)

It was error to assume that the entire claim of plaintiff less the sum of $10,500 was conceded to be due. So long as defendant's counterclaim is unliquidated and undetermined, there can be no judgment for any part of plaintiff's claim. This is made clear by the specific provision of rule 113 of the Rules of Civil Practice, by which the remedy here invoked is expressly limited to actions " to recover a debt or liquidated demand " arising on contract or on a judgment for a stated sum. Rule 114 is limited by these provisions of rule 113. There is no admission on the part of defendant herein that any sum is due plaintiff. As previously stated, the facts constituting the counterclaim were also pleaded as a defense to the entire cause of action. The trade acceptance was shown to have been given as part of an agreement of sale.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion for partial judgment denied, with ten dollars costs.

DOWLING, MERRELL, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.